Wilde, J.
The writ in this case is scire facias, to recover execution against the defendant de bonis propriis, he being administrator of the goods and estate of one Palmer, and having sued the former action in that capacity ; and it is founded upon the suggestion of waste, appearing by the return of the sheriff. It appears that Call was plaintiff in the original action, and, having failed to make good his claim, judgment was rendered against him in the same capacity, in favor of Hardy, the present plaintiff; and the question now to be decided depends on the form and effect of that judgment.
In the writ of scire facias it is alleged, that judgment was rendered against the goods and estate of Palmer. The defendant has pleaded, that there is no record of any such judgment. The judgment having been exhibited to us for inspection, we find, as already mentioned, that it was rendered against the defendant in his capacity of administrator.
[ * 53á ] *It has been argued, that this is equivalent to a judgment against the goods and estate of the intestate, and that such is the legal effect of the judgment in question.
But we think otherwise. Such, certainly, is not the obvious meaning of the record; and no averment contrary to the obvious meaning of a record is admissible. When a record is so drawn that the words may admit of a double construction, the Court will interpret the words that way which will make the record good, as being most for the advancement of justice. [Cro. Eliz. 161. —Cro. Jac. 119, 153, 244.] According to this rule, if the words of the record be doubtful, we are to understand them in the sense which will best comport with a legal judgment.
This leads us to consider what ought to have been the form of judgment in the original action; and we are clearly of opinion, that it ought to have been entered against the present defendant de bonis propriis. He was the party prosecuting, and is personally responsible to the adverse party, by the statute respecting costs; and such form of judgment best comports also with the rights and liabilities of executors and administrators, and all concerned in the settlement of the estates of deceased persons. For, if judgment foi *437 costs could be legally recovered against the goods and estates of testators and intestates, all such goods and estates might go for the payment of costs in frivolous and groundless suits. J idgment, therefore, in every case, commenced by an executor or administrator, in which the defendant becomes entitled to costs, ought to be entered against such executor or administrator personally. After payment, he may charge the amount in his account of administration, to be allowed or not, as it may appear to the judge of probate that the suit was discreet, or otherwise. And thus justice may be done to all parties interested; and the discretion of execdtors and administrators may be subjected to a wholesome restraint.
The judgment of the Court, therefore, is, that there is no such record, as is alleged in the writ of scire facias. The * plaintiff’s remedy is by action of debt on the judgment [ * 533 ] against the administrator. Such is the judgment in the original suit commenced by the present defendant, as appears by the record; the words of which do not appear to admit of the construction contended for by the plaintiff’s counsel. The words descriptive of the capacity in which the plaintiff in the original suit prosecuted, have no legal effect upon the judgment, and may be considered as surplusage. But whether so considered or not, it is very clear that no judgment has been rendered against the goods and estate of Palmer, the intestate, as the plaintiff has set forth in his writ.