## John Burns *et al.* *versus* Richard S. Fay, Administrator, &c.

Where the administrator of an insolvent estate gives notice of his dissatisfaction with
the claim awarded by the commissioners to a creditor of the estate, according to
the provisions of *St.* 1784, *c.* 2, and the creditor, in consequence, brings his action at
law, the creditor is not precluded from recovering a larger sum than was allowed
by the commissioners, although he may not have given notice of his intention to
have his claim determined at common law.

In such action, the report of the commissioners allowing a set-off against the claim of
the plaintiff was *held* not to be competent evidence to prove the set-off.

The books of account of a person deceased, although verified by the oath of a witness, are incompetent to prove cash charges exceeding forty shillings in amount.

Where the administrator of an insolvent estate gives notice of his dissatisfaction with
the sum awarded to a creditor, by the commissioners, and the creditor recovers a
larger sum than was allowed by the commissioners, the creditor is entitled to an
execution for the costs of the action, against the administrator, *de bonis propriis* ; but
if the administrator had sufficient reason for his appeal, the judge of probate may
allow the costs to be charged in the administration account.

*It seems,* that in all cases, where a creditor recovers at common law, a larger sum
than was allowed him by the commissioners of the insolvent estate, judgment for
costs should be rendered against the administrator *de bonis propriis*.

Assumpsit against the defendant as administrator of Jo
seph Hastings, of Cambridge, to recover the value of a quan
tity of isinglass consigned by the plaintiffs to Hastings for sale
Trial before *Morton* J.

Before the commencement of this action, the estate of Has
tings was duly represented by the defendant to the judge of
probate to be insolvent, and the plaintiffs presented the same
claim which is the subject of this action, amounting to
$ 3768·55, to the commissioners appointed in pursuance of
such representation, for allowance. The defendant, in his
capacity of administrator, also presented his account and note
in set-off, amounting to $ 498·50, which was allowed by the
commissioners. The commissioners allowed, as a balance
due to the plaintiffs, $ 1230·74.

The defendant being dissatisfied with the amount awarded
to the plaintiffs by the commissioners, gave notice of his
dissatisfaction, as required by the statute, and the present ac
tion was in consequence commenced by the plaintiffs.

It was agreed that the mutual claims of the plaintiff John
Burns and Hastings should be considered, for the purposes

of this trial, as existing between the parties in the present action, that being the understanding before the commissioners.

At the trial, it appeared that Hastings had consigned portions of the isinglass to persons at several places for sale ; and the defendant offered in evidence the books of Hastings, in which were kept the accounts of sales of the isinglass, with the different consignees, and of payments made by him to them on account of the sales. These books were verified by the oath of one Snow, who was, at the time, a clerk of Hastings. The judge ruled that the books were evidence to show the value of the isinglass, from the sales ; but he rejected them as evidence to prove the payments of money by Hastings to the plaintiffs. The charges of payments severally exceeded forty shillings. To this decision the defendant excepted.

Upon an examination of the books, it was discovered that Hastings, in his account with the plaintiff, John Burns, had charged himself with about 154 pounds of isinglass, not included in the account filed by the plaintiffs before the commissioners. The plaintiffs then proposed to offer this in evidence, but it was objected to by the defendant, who contended that they should be confined to the account filed by them before the commissioners. But the judge admitted the evidence, upon the ground that the credits, which the defendant insisted should be allowed in his set-off against the plaintiffs, were not specifically applied, and the plaintiffs might therefore make the application to the payment of the sum due on account of the isinglass so omitted in the plaintiffs' account. To this decision the defendant excepted.

The defendant then offered in evidence a certified copy of the commissioners' report, to prove the account of Hastings, which was filed in set-off and allowed by them, the plaintiffs not having expressed any dissatisfaction with such report, according to the provisions of the statute. The plaintiffs objected to this evidence, and the objection was sustained by the judge. The defendant excepted.

The defendant then contended, that the report of the commissioners was conclusive upon the plaintiffs, they not having expressed their dissatisfaction with the claim as allowed by

the commissioners, and that they were precluded from re-covering any greater amount. But with a view to presen the whole matter to the full Court, and by the agreement of the parties, the judge instructed the jury to return a verdict for the plaintiffs, for such sum as, upon all the evidence in the case, they should find to be due, without restriction to the sum allowed by the commissioners.

The jury returned a verdict for the plaintiffs for $ 1539·53.

The defendant moved for a new trial, for the following reasons :

1. Because the judge instructed the jury, that the plaintiffs were not precluded from recovering a verdict for a larger sum than was awarded to them by the commissioners, although the plaintiffs had expressed no dissatisfaction with the report of the commissioners, according to the provisions of the statute.

2. Because the defendant offered in evidence the report of the commissioners upon the claim of the plaintiffs and the set-off filed by the defendant, for the purpose of proving such set-off; which was rejected by the judge, as not proving the set-off, and as not being conclusive upon the plaintiffs.

3. Because the verdict was against the law and the evidence.

4. Because the defendant offered to prove the accounts of sales and payments made by Hastings for the plaintiffs, by the books of account kept by him ; which the judge rejected as inadmissible to prove the credit side of his account.

If the plaintiffs were entitled to recover, the Court were to render judgment for the amount of the verdict, or for such sum as the plaintiffs were entitled to recover ; if, for any of the causes assigned, the defendant ought to have a new trial, the verdict was to be set aside and a new trial granted accordingly.

*March 14th.*   *J. Chapman* for the defendant.

*S. D. Parker* for the plaintiffs.

*March 25th*   WILDE J. delivered the opinion of the Court. Having considered the defendant's exceptions to the decisions of the judge at the trial, we are of opinion, that they are unsupported by any legal principle, and that the plaintiffs are entitled to judgment on the verdict.

By the *St.* 1784, *c.* 2, it is provided, " that, in case the
executor or administrator [on an insolvent estate] shall be
dissatisfied with any creditor's claim allowed by the commis-
sioners, and shall give notice thereof at the probate office,
and also to the creditor within twenty days, such claim shall
by the judge of probate be struck out of the commissioners'
report, unless such creditor shall commence and prosecute
at the common law his claim as aforesaid, as speedily as the
same can be done " &c. ; " and when a claim shall be dis-
puted in the course of the common law as aforesaid, exe-
cution shall not issue as in common cases, but the judg-
ment of the Court respecting the same, shall be the amount
of the claim, and added to or deducted from the commis
sioners' report, as the case may require."

We think there can be no doubt as to the true meaning
and construction of the statute. When the executor or ad-
ministrator is dissatisfied with any claim allowed by the com-
missioners, and gives notice, as the statute requires, of his
objection, which it is understood was done by the defendant,
the creditor is to commence his action, and have his claim
ascertained in the course of the common law, and the judg
ment of the court respecting the same, shall be the amount
of the claim. The report is to remain unaltered in the probate
office, until the decision of the suit at law, and then is to be
corrected by the judgment on the action. And so it was de-
cided in *Bordman* v. *Smith,* 4 Pick. 214. In other words,
the amount of the judgment is to be substituted for the amount
allowed by the commissioners. And although the plaintiffs
might have been satisfied with the allowance made by the
commissioners, yet as the defendant objected and appealed,
the plaintiffs had an undoubted right to have their whole claim
ascertained, whether it was more or less than the sum allowed
by the commissioners.

As to the second exception relied on by the defendant's
counsel, we think it very clear that the report of the com-
missioners was incompetent evidence to prove the defendant's
set-off. The action was to be tried according to the course
of the common law, and by the common rules of evidence.
And the decision of the commissioners, allowing a claim, is

no evidence in an action, the object of which is to correct their judgment, nor is it any proof of the plaintiff's assent to the allowance of the claim ; for by the defendant's appeal the plaintiff's whole claim was open to be tried on its original merits.

We think also the defendant's books were not competent to prove cash charges over 40 shillings. This is in conformity with the general rule, to which the case of *Union Bank* v. *Knapp*, 3 Pick. 96, is an exception. This case is not within the exception and the reason upon which that decision rests.

*Judgment on the verdict.*

———

A question was made, whether execution for the costs of this suit should issue against the administrator *de bonis propriis*, or against the goods and estate of Hastings, in the hands of the administrator.

WILDE J. As to the question of costs, we are of opinion, that the plaintiffs are entitled to their execution against the defendant, *de bonis propriis*. This case comes within the reason of the rule as laid down in *Hardy* v. *Call*, 16 Mass. R. 530. For, although the administrator is defendant in the action, yet he, by his appeal from the allowance by the commissioners, compelled the plaintiffs to commence their action, or abandon their claim. The case therefore is similar in principle with that of *Hardy* v. *Call*. If, in the exercise of a sound discretion, the administrator had any sufficient reason for his appeal, the judge of probate will undoubtedly allow the costs to be charged in his account of administration. But if the appeal was groundless and the administrator shall fail to show that he had apparently some reason to be dissatisfied with the allowance made by the commissioners, the costs certainly ought not to be a charge on the goods and estate of the intestate. We are also inclined to the opinion, that in all cases of recovery by a creditor, under the insolvent law, judgment for costs ought to be against the administrator, *de bonis propriis* ; as the amount of the creditor's *claim* only is to be added to or deducted from the commissioners' report,

and no provision is made as to costs. But as to this, it is unnecessary in the present case to decide, as we are satisfied that such must be the form of judgment in this case, whatever may be the construction of the statute.