Putnam J.
delivered the opinion of the Court. By the agreement of the parties it appears, that there is such a record of the judgment as the plaintiff has set forth, and that it was recovered with notice and on the verdict of a jury. Now according to the settled law of this commonwealth, this record is conclusive upon the defendant, unless the court had no juris diction in the case. Bissell v. Briggs, 9 Mass. R. 462 ; Hall v. Williams, 6 Pick. 247.
But the defence is not put upon that ground. It is not pretended but that the court had jurisdiction over the matter which was litigated ; but it is argued, that the original cause of action, being qui tarn for a penalty, wherein the commonwealth of Pennsylvania was interested, could not have been sued and enforced here, and so a judgment rendered there upon such cause as appears in this record, will not be enforced here ; and that the comity due from one state to another will not require the Court of this state to give effect to such a proceeding, within this state. But we cannot perceive the force of the argument. If the cause of action were local, as trespass quare clausum fregit, for example, it could not have been sued here ; but after the plaintiff had by a verdict and judgment reduced his damages to a certainty, the original cause of action would be merged in the judgment
The Court will look to the party legally upon the record. It is no objection that the plaintiff will be obliged to pay part of the judgment to the governor of Pennsylvania for the use of the state. Indeed if the state itself had recovered a judgment *398 in a proper court and on proper notice, it could sue in this Court in its own name.
In regard to the suggestion, that this would be executing the criminal code of Pennsylvania in this state, we remark that in much more important matters one state will aid another in that behalf. It will, upon proper application, arrest fugitives from justice, and put them in the power of the state whose laws have been violated, to be tried and punished on conviction. If we were to look into the cause of action, there would seem to be no reason why this Court should interfere in preventing a recovery. We have had similar enactments in force against usury, to those which were in' force in Pennsylvania. But it appearing that the court had jurisdiction of the cause and of the parties, and that there was notice and a trial by jury and a verdict, we are of opinion that the record of the judgment is conclusive, and that the judgment here must be rendered for the plaintiff accordingly.[1]
The question was afterwards raised, whether the plaintifi was entitled to a judgment for costs against the administrator, de bonis propriis.
It appeared that the action was entered in the Court of Common Pleas at March term 1830, and was continued from term to term, by consent of parties, until April term 1831, when the death of Peck, the original defendant, was suggested on the record. It was then again continued until the succeeding August term, in order that the administrator of Peck might be summoned to take upon himself the defence. At that term the administrator appeared, and a judgment was rendered upon a common demurrer, from which the plaintiff appealed. The appeal was entered at September term 1831 of this Court, at Greenfield, and a case was made for the consideration of the whole Court, which was decided as above stated, at September term 1831, at Northampton. The estate of Peck was represented to the judge of probate as insolvent, and commis *399 sioners of insolvency were appointed. The plaintiff’s demand was laid before the commissioners, and was opposed before them by the defendant. It was at length agreed that the action pending should be prosecuted to final judgment, in the same manner as if the plaintiff’s demand had been presented to the commissioners and either rejected or allowed, and an action brought at common law in consequence of such proceedings.
The question of costs was argued in writing, by Wells lor the plaintiff and Chapman for the administrator.
It was urged in behalf of the plaintiff, that judgment for costs ought to be rendered de honis propriis, 1. upon general principles ; and 2. because the estate of Peck is insolvent.
1. Upon general principles.
By the practice of the English courts, judgment against an administrator is for debt and costs against the estate of the intestate, if the administrator has so much thereof in his hands to be administered, and if not, then for costs against the estate of the administrator. 2 Tidd’s Pr. 1017. Our statute of distribution of insolvent estates renders such an alternative judg ment improper, but the plaintiff will obtain his costs under the practice which is understood to have generally prevailed with the sanction of the Court, of rendering judgment for costs against administrators in all cases, de bonis propriis. In this there is never any hardship. If the estate is solvent, it is immaterial to the administrator in what form the judgment is rendered ; if insolvent, it is manifestly unjust that a creditor should be compelled, perhaps by the mere caprice of the administrator, to prosecute a suit at law at the hazard of paying full costs if he is defeated, and of receiving merely a dividend if he prevails. The case of Hardy v. Call, 16 Mass. R. 530, contains principles of general application to this subject.
This practice, it is true, is contrary to the letter of St. 1783, c. 32, § 9, 10 ; but as this statute was enacted when the liability of the administrator for costs was well established, a fair construction would require that this liability should be preserved, since there does not appear to have been any intention to alter the law in this respect, and the removal of this liability would in many instances be productive of injustice *400 The case of Hardy v. Call was upon the 9th section of the statute, which relates to suits commenced by or against an administrator, but the same rule of costs must apply to cases under the 10th section, where in consequence of the death of a party, pending the suit, his administrator is called in to prosecute or defend. Prov. St. 13 Geo. 1, c. 6, (Anc. Charters &c. 454.)
The case of Brooks v. Stevens, 2 Pick. 68, is apparently opposed to the principle now contended for; but it is difficult to reconcile that case with Hardy v. Call ; and if it is to be taken as deciding a general principle, to be applied to all cases coming within the 10th section of the statute of 1782, it is submitted that the case ought to be overruled, as being in opposition to the previous practice and decisions of tile. C^urt, and calculated to work manifest injustice.
2. The St. 1784, c. 2, requires that the judgment for costs should be de bonis propriis, the estate of the intestate being insolvent.
Independently of the agreement between the plaintiff and the administrator, to proceed in tne suit after trie deatn of the intestate, this was the proper course to be pursued. Hunt v Whitney, 4 Mass. R. 620. It would however be very hard to compel the plaintiff thus circumstanced, to prosecute his suit, with the certainty of taking a dividend on his costs, when, if his action had not been pending at the death of the intestate, he would have been entitled to full costs. The St. 1784, c. 2, provides, that the claims against an insolvent estate shall be laid before commissioners of insolvency, but is silent in regard to costs ; clearly implying, that costs are something to be settled by the administrator. If upon examination the administrator is satisfied that no defence can be made to a suit pending at the death of the intestate, he has but to say that he will not defend, and the plaintiff’s claim, debt and costs already accrued, will immediately be added to the claims against the estate. If however he is advised to contest the suit, he ought to do so on equal terms ; and if he is charged with costs, he
can have them allowed to him by the judge of probate, upon showing that the suit was properly contested.
Chapman, contra, not admitting that the English practice *401 was to govern in this case, denied that it had been correctly stated; Tidd’s Pr. 1018 ; he distinguished the case of Hardy v. Call from the case at bar, that action having been commenced by an administrator ; and he relied upon Brooks v. Stevens, 2 Pick. 68, as being, in principle, precisely like the present case.
April term 1833, in Franklin.
SHAW C. J.
delivered the opinion of the Court. Judgment being about to be rendered against the defendant, Root, as administrator of Peck, the original defendant, the precise question submitted to the consideration of the Court is, whether the whole amount of debt and costs is to be certified to the judge of probate, and added to the list of claims reported by the commissioners of insolvency, against the estate of the intestate ; or whether the amount of the debt only is to be thus reported, and the plaintiff to have a judgment against the defendant, the administrator, de bonis propriis, for his costs.
The various statutes relative to the settlement of the estates of deceased persons, and the rights and liabilities of personal representatives, having been made at different times, not as one entire and perfect system, but with a view to meet and provide for different cases as they arose, it is extremely difficult to reconcile them, or to frame from them a simple, consistent and practical system of jurisprudence upon the subject.
It is not my intention to examine these provisions at length, or do more than express the decision of the Court upon the precise case now presented. That opinion is, that the whole amount of the judgment, costs as well as debt, must be certified to the judge of probate, as the claim to be allowed, and upon which the plaintiff will be entitled to a dividend, and that he is not entitled to a judgment against the administrator de bonis propriis.
The suit being commenced and pending in the lifetime of the intestate, and the defendant coming in to defend, this case is not distinguishable from Brooks v. Stevens, 2 Pick. 68, which was decided upon error, and apparently upon great consideration.
That decision turned principally upon the construction of the statute authorizing and requiring executors and administrators of the parties res¡ ectively, to appear and prosecute or *402 defend. It is regarded as a continuance of the original suit. St. 1783, c. 32, § 10. The statute is express, that after the executor or administrator shall have appeared and judgment .shall pass against him, the judgment shall be entered up against the estate of the deceased in his hands and under his administration. In the case cited, the Court have put a construction upon this provision and held it to apply according to its obvious meaning, deciding that in such case a judgment against an administrator de bonis propriis would be unwarranted ; and in that decision the Court now concur.
There is a manifest reason for a distinction between this case and a case originally commenced by or against the administrator. There it is his own act, either to prosecute, or take upon himself the defence of a suit, and he may rightfully be held to a stricter personal responsibility.
But there is another distinction, and that is, that a portion of the costs must have been incurred before the coming in of the administrator, and it would be manifestly unjust to subject him to that portion of the costs. There is then no alternative but to divide the costs, which would be unprecedented, and extremely difficult if not impracticable, or to consider it as one entire cause from its commencement to its termination, the administrator coming in to represent the estate.
It was perfectly proper, then, when the legislature made a new provision to prevent the abatement of suits by the death of a party, and authorized a proceeding not according to the course of the common law, that a provision should be made for the mode of entering up the judgment, and the provision seems to be a plain and an equitable one.
Whitt would be the rule, in case of an original suit, commenced against the administrator, after a rejection of the claim by the commissioners, or after the admission of the claim and
after it has been struck out by the administrator, we give no opinion. That case would be governed by other statute provisions, and other legal and equitable considerations.[1]

 See Scoville v. Canfield, 14 Johns. R. 338.

 See Rev. Stat. c. 68, § 12, and c. 67, § 11; Blake v. Dennie, 15 Pick. 385; Burns v. Fay, 14 Pick. 8; Pierce v. Saxton, 14 Pick. 274.