## MELVIN LORD *et al. versus* EDWIN E. CLARK *et al.*

*In indebitatus assumpsit on a promise made to L and H, the defendant was attached to answer to " L and H and one R deceased, copartners doing business under the firm of R. L and H," and the declaration alleged a promise to pay " L and H, the surviving partners of the said firm of R, L and H." It was held, that the bail were not discharged by an amendment by which the words above italicized were struck out of the writ and declaration.*

SCIRE facias against the bail of one Wilson. In the original writ the sheriff was commanded to attach Wilson, to answer to " Melvin Lord and John C. Holbrook *and one Eleazer J. F. Richardson deceased,* booksellers and copartners, doing business under the name and firm of Richardson, Lord and Holbrook," in a plea of the case, for that Wilson being indebted to the plaintiffs upon an account, in consideration thereof " promised the said Lord and Holbrook, *the surviving partners of the said firm of Richardson, Lord and Holbrook,* to pay them the same," but have refused, &c., to the damage " of the said Lord and Holbrook." Upon this writ Wilson was arrested, and he gave bond, with the defendants as sureties, to answer to the plaintiffs as described in the writ. The action was duly entered, and Wilson appeared ; and upon leave to amend, the plaintiff's attorney struck out the words printed above in italics. In this amended state of the record judgment was rendered against Wilson upon a default. The cause of action in the original writ was a debt due to Lord and Holbrook, who after the decease of Richardson in 1829, continued to transact business under the name of Richardson, Lord and Holbrook.

*Wells* and *Doolittle* contended, that the amendments were *Sept. 24th.* essential, and that in consequence of them the bail were discharged. 1 Chit. Pl. (5th Lond. edit.) 21 ; *Jell* v. *Douglas,* 4 Barn. & Ald. 374 ; 2 Wms's Saund. 122, note 1 ; *Ditchburn* v. *Spracklin,* 5 Esp. R. 32 ; *Israel* v. *Simmons,* 2 Stark. R. 356 ; *Holmes* v. *De Camp,* 1 Johns. R. 34 ; *Smith* v. *Barrow,* 2 T. R. 477 ; *Willis* v. *Crooker,* 1 Pick. 204 ; *Bean* v. *Parker,* 17 Mass. R. 602, 603.

*Forbes* and *Shaw* for the plaintiffs.

Lord
v.
Clark.

Sept. 28th.

The Court held, that the amendments related to matters of form ; that the first clause struck out was senseless ; that the second clause was mere *descriptio personæ ; Buffum* v. *Chadwick,* 8 Mass. R. 103 ; *Hardy* v. *Call,* 16 Mass. R. 530 ; *Clark* v. *Low,* 15 Mass. R. 476 ; that both clauses might be rejected as surplusage ; that without the amendments the same judgment might have been rendered against Wilson ; and that the bail were not discharged.

*Defendants defaulted.*