Piper v. Goodwin.

ELIZABETH L. PIPER *versus* SAMUEL C. GOODWIN.

Where an objection to the form of a writ might have been taken by plea in abatement, it cannot be assigned as error to reverse the judgment.

If the declaration be sufficient in substance, and the judgment be formal, there may be an informal writ without subjecting the party to the loss of his judgment. Error will not lie for defects in matter of form.

A promise by an administrator to pay a debt of the intestate need not be in writing, nor upon any other consideration than the debt due from the intestate, to be sufficient to authorize a judgment against the goods and estate of the intestate in the hands of the administrator.

And when the action is founded upon such promise by the administrator, it is not necessary to declare upon a promise made by the intestate, or to allege that he was requested and refused to pay. And indeed a request to pay need not be alleged in any other than those cases, in which it is necessary to allege and prove one, to entitle the plaintiff to maintain his action.

All objections to the *form* of the writ and declaration are cured by a verdict, or judgment by default.

Where the clerk of the Courts, in an action by an administrator, erroneously enters up judgment against the administrator instead of against the goods and estate of the intestate, or makes a mistake in the name of the administrator, the judgment should not be reversed, but corrected.

THIS was a writ of error by which the plaintiff sought to reverse a judgment rendered between the same parties, or between Goodwin and her in the capacity of administratrix of Ebenezer S. Piper, at the October Term of the Supreme Judicial Court, in this county, 1837.

The errors assigned were, in substance, as follows : —

1. That in the original writ, the sheriff was commanded to attach the goods and estate of the administratrix instead of the intestate.

Piper *v.* Goodwin.

2. That in the record of the judgment the said Elizabeth was called Elizabeth S. Piper, when in the writ she was called Elizabeth L. Piper.

3. That the judgment was against said Elizabeth, when it should have been against the goods and estate of the intestate.

4. That the consideration of the promise, alleged in the declaration, is not sufficient to support the promise.

5. That the declaration does not allege, that the contract was founded on any valid and legal consideration.

6. That in the declaration the debt alleged to have been incurred by the said Ebenezer, is not alleged to have been incurred at said Elizabeth's request.

7. That it is not alleged that the said Ebenezer was ever requested to pay the debt.

8. That it is not alleged that the said Ebenezer ever in his lifetime promised to pay the debt.

9. That it is not alleged that said Ebenezer ever neglected or refused to pay the debt.

10. That the declaration and the matters therein contained are not sufficient in law for the said Goodwin to have and maintain the action.

11. That it appears by the record that the judgment was given against the said Elizabeth, when it should have been given against the said Samuel.

In the original writ the officer was commanded to attach " the goods or estate of Elizabeth L. Piper administratrix of the goods and estate of Ebenezer S. Piper, late of Levant, deceased," and she was summoned to appear and answer unto Samuel C. Goodwin " in a plea of the case, for that the said Piper in his lifetime was indebted to the plaintiff in the sum of thirty-seven dollars and fourteen cents according to the account annexed, which is still unpaid, in consideration whereof the said Elizabeth hath promised to pay the same on demand. Yet though often requested, said defendant has not paid the same, but neglects so to do. To the damage," &c.

It was agreed, that the case should be argued in writing, but no argument was furnished for the defendant in error.

*Crosby*, for the plaintiff in error, contended that if this was to be considered as the original contract of Elizabeth L. Piper, then as it was to pay the debt of another, the consideration is insufficient. Such contract must be founded on a new consideration. St. 1821, c. 53, § 1 ; *Perley* v. *Spring*, 12 Mass. R. 299. The consideration being past, it should have been alleged to have been made at said Elizabeth's request. 5 Pick. 295, 380 ; 1 Greenl. 128 ; 3 Pick. 209 ; 1 Chitty's Pl. 297. Unless the party making the promise gains something, or the one to whom it is made loses something there is no validity in the promise. The assumption of a supposed danger, which has no foundation in law or fact, is not a sufficient consideration for a promise. 3 Pick. 209; 3 Pick. 83 ; 7 Mass. R. 449, 483 ; 4 Mass. R. 341 ; 5 Pick. 393 ; 14 Pick. 198 ; 1 T. R. 712.

If it be a contract of the intestate, then the judgment against the goods and estate of the administratrix is erroneous. St. 1821, c. 52 § 19 ; 4 T. R. 645. There was no suggestion of waste. The judgment is erroneous against the administratrix on a contract of the intestate. 16 Mass. R. 530 ; 1 Fairf. 137 ; 4 T. R. 648. It is not a misprision of the clerk, and cannot be amended. 1 Fairf. 278. There is error, because it is not alleged, that the defendant ever promised. Oliver's Prec. 82 ; 2 Strange, 793 ; 2 N. H. R. 289 ; 3 Mass. R. 176. No breach of any promise by the intestate is any where alleged, as it should have been. 2 N. H. R. 289. The declaration is bad, where no time or place is alleged, when and where the services were performed. 3 Halst. 69.

*A. Sanborn*, for the defendant in error.

The opinion of the Court was by

SHEPLEY J. — The first error assigned is, that the sheriff was commanded to attach the goods and estate of the plaintiff in error instead of the goods and estate of her intestate. This objection to the form of the writ might have been taken by a plea in abatement; and one cannot assign as error that, which might have been thus presented to the consideration of the

Court. 2 Saund. 101, g, note. And if the declaration be sufficient and the judgment be formal, an informal writ may be used without subjecting the party to a loss of his judgment; unless the informality or defect be so great, that the writ will not authorize a judgment. In such case the defect may be a matter of substance; otherwise it is but a defect in matter of form, for which error will not lie, since the statutes of jeofails. 2 Saund. 101, note 1.

The errors from the fourth to the tenth inclusive are assigned for defects in the declaration. The account annexed is a part of the declaration. There can be no doubt, that the suit was instituted against the plaintiff in error in her capacity of administratrix upon the estate of Ebenezer S. Piper. The declaration alleges, " that the said Piper in his lifetime was indebted to the plaintiff in the sum of thirty-seven dollars and fourteen cents according to the account annexed, which is still unpaid, in consideration thereof the said Elizabeth hath promised to pay the same on demand, yet though often requested said defendant has not paid the same, but neglects so to do." The allegation is not made in terms, that she made the promise in her character of administratrix, but from the description in the writ and the other allegations in the declaration, that may be inferred. Such promise by her as administratrix need not be in writing or upon any other consideration, than the debt due from the intestate, to be sufficient to authorize a judgment against the goods and estate of the intestate in the hands of the administratrix. *Secar* v. *Atkinson,* 1 H. Bl. 102; *Whitaker* v. *Whitaker,* 6 Johns. R. 112. And when the action is founded upon such promise, it is not necessary to declare also upon a promise made by the intestate, or to allege, that he was requested and refused to pay. Indeed a request to pay need not be alleged in any other than those cases, in which it is necessary to allege and prove one, to entitle the plaintiff to maintain his action. A formal defect in the venue was aided at common law after a judgment by default, because the defendant thereby admitted, that there was nothing to try. *Shandois* v. *Simpson,* Cro. Eliz. 880. But a more conculsive

answer to all the objections to the form of the writ and declaration is, that they were cured after verdict by the statute of 16 and 17 Car. 2, c. 8; and the statute 4 Ann, c. 16, § 2, extended the provisions to cases of judgment by default.

The second, third, and eleventh errors assigned, relate to the form of the judgment, which, according to the case of *Hardy* v. *Call,* 16 Mass. R. 530, should be regarded as a judgment against the plaintiff. It was the duty of the clerk to have made up a formal judgment appropriate to the case stated in the writ and declaration. It was the error of the clerk and not of the Court, that a judgment was not formally entered up against the goods and estate of the intestate. And that the name of the administratrix was not correctly recited. In such cases the judgment although erroneous should not be reversed, but corrected. *Short* v. *Coffin,* 5 Burr. 27, 30; *Atkins* v. *Sawyer,* 1 Pick. 351. The clerk is directed to correct the error in the record of the judgment, which is then to be affirmed.