SMITH, administrator of *Mary Smith*, *against* SCOFIELD :

### IN ERROR.

Upon an appeal from a decree of probate, it is competent to the superior court, upon the reversal of the decree appealed from, to allow costs to the appellant.

Where the appellee is the personal representative of the deceased, and the erroneous decree was made without any fault on his part, the costs are to be paid out of the estate in settlement ; but if the error was caused, by the misconduct of such representative, the costs are to be paid *de bonis propriis.*

Therefore, where the decree appealed from was made in consequence of the administrator's rendering to the court of probate a false account, charging, as uncollectable, a bond, which he knew to be collectable, and allowing a debt to be retained, by the debtor, by way of set-off, when he knew that no such right of set-off existed ; it was held, that such administrator, on reversal of the decree, was liable to the costs *de bonis propriis.*

It is as competent to the superior court, as an appellate court, to determine, not only the general question of costs, but out of what fund they are to be paid, as it is to decide any other matter properly before it.

THE plaintiff in this case, as the administrator of the estate of *Mary Smith*, late of *New-Canaan*, deceased, exhibited his administration account to the court of probate for the district of *Norwalk*, for settlement. The account was as follows :

" The estate of *Mary Smith*, in account with *Sherman Smith*, adminr.

| | |
|---|---:|
| By amount of credit from *Joseph Smith*, as per files, | $77.90 |
| By bond of *Joseph Smith*, | 800.00 |
| Amount of credits, | $877.90 |

| | |
|---|---:|
| To amount of charges, | $270.49 |
| " credit of *Joseph Smith*, retained by him as set-off, | 77.90 |
| " bond uncollectable, | 800.00 |
| " counsel fees on trial of admn. account, | 20.00 |
| " probate fees, | 5.25 |
| Amount of debits, | $1173.64 |

immediate relatives, but by all with whom he was acquainted. On hearing of his death, the members of the bar of the county of *Rensselaer*, held a meeting, at the court-house in *Troy*, the Hon. *Abram B. Olin* being in the chair, expressing their grief at his departure, and their high appreciation of his professional and private character, of the soundness of his understanding and the goodness of his heart— with a tender of their condolence and sympathies to his parents and other relatives.

This account was allowed, by the court of probate. The estate was insolvent. The defendant in error, who was one of the creditors of the estate, and whose claim had been allowed by the commissioners, appealed from the decree of the court allowing the account.

The following reasons were assigned for the appeal. 1. That the bond mentioned in the account, was executed by *Joseph Smith,* the father of the administrator, who was living, and a man of large estate, and abundantly able to pay the amount due thereon ; that the amount of the bond was justly due from him ; and was collectable ; and that the administrator, with full knowledge of the facts, by his own mere neglect, mismanagement and connivance with the obligor, had omitted to collect the same.

2. That *Smith* had no right to retain the sum of 77 dollars, 90 cents, mentioned in the account, and had no valid claim to set-off against the same ; all which the administrator well knew.

3. That the administrator never demanded the sum of 77 dollars, 90 cents, of the said *Joseph,* nor endeavoured to collect the same, but falsely and fraudulently conniving and conspiring with him to defraud the creditors of the estate, caused the same to be charged in his account against the estate, when he should have collected the same, for the benefit of the creditors.

Upon the trial of this cause before the superior court, holden, by adjournment, at *Fairfield,* in *April,* 1848, the court found the several allegations contained in the foregoing reasons, to be true, and reversed the decree of the court of probate allowing the account, and rendered judgment that the appellant recover of the appellee his costs, to be paid, by the appellee, out of his own estate ; and that execution issue therefor.

The appellee, the plaintiff in error, thereupon filed his motion in error, and brought the case for revision before this court, assigning for error the judgment of the superior court for the payment of the costs out of his separate estate ; whereas, as he claimed, if costs were recoverable at all, they should have been paid out of the estate of the deceased *Mary Smith.*

*Fairfield,*
June, 1849.

Smith
*v.*
Scofield.

*Butler*, for the plaintiff in error, after remarking, that *Smith* was not before the court, as an individual, but only in his representative capacity, contended, 1. That in this state, costs are not allowed, as a general rule, either as against the estate of a deceased person, or his representative ; and the supreme court, having, under the authority of the legislature, specified the cases in which costs shall be allowed against estates, the superior court has not the power to extend those cases.    18 *Conn. R.* 568.

2. That if the court could have made such a decree, it should have directed the payment of costs generally ; and then the court of probate, on the final accounting, might allow or disallow the moneys paid, as might be reasonable. But this decree, in effect, prohibits the consideration of that matter, in the final accounting.

3. That in this state, the general practice has not been to tax costs against appellees in probate cases, where the judgment is reversed.    *Comstock* v. *Hadlyme*, 8 *Conn. R.* 262. The general practice of a court, is the law of the court, and the law of the land, of which this administrator is entitled to the benefit.

*Hawley* and *Dutton*, for the defendant in error, contended, 1. That the appellant prevailing, is, in all cases, entitled to costs.    Any other rule heretofore adopted, in analogy to the old rule on writs of error, is now inoperative.    In this state, an executor, whether plaintiff or defendant, when defeated in his claim or defence, always pays costs.    Even in *England*, an executor, where he is *defendant*, and fails in his defence, is subjected to costs.    2 *Tidd's Prac.* 894.    2 *Williams* on *Exrs.* 1219.    He is also subjected, as plaintiff, when suing on a cause of action which accrued *to himself ;* and in such case, the costs are awarded *de bonis propriis.* These rules have been adopted in *New-York* and *Massachusetts*, and probably in other states.    *Ketchum*, exr. v. *Ketchum*, 4 *Cowen* 87.    *Chamberlain*, admr. v. *Spencer*, *Id.* 550. *Cuylers* v. *Kniffin* & al. exrs. 2 *Wend.* 243.    *Barker*, exr. v. *Barker*, 5 *Cowen* 267.    *Tilton's* admrs. v. *Williams*, 11 *Johns. R.* 403.    *Kellogg's* admrs. v. *Wilcocks*, 2 *Johns. R.* 377.    *Rudd* & al. exrs. v. *Long*, 4 *Johns. R.* 190.    *Salisbury's* exr. v. *Phillips'* heirs, 12 *Johns. R.* 289.    *Hogeboom*,

& al. exrs. v. *Clark*, 17 *Johns. R.* 268. *Hardy* v. *Call*, 16 *Mass. R.* 530. *Burns* & al. v. *Fay*, admr., 14 *Pick.* 8. In all cases, costs are invariably given, as they should be, against an executor, defendant or appellee, where the controversy involves his *own conduct ;* and especially, where the determination establishes his own *misconduct, negligence* or *fraud ;* and this for the best of reasons, that the estate or creditors should not suffer for his misconduct. 1 *Wms. Saund.* 336. *b.* citing *Dearne* v. *Grimp,* 2 *Bla. R.* 1275. *Comber*, admr. v. *Hardcastle*, 3 *Bos. & Pul.* 115. 2 *Wms.* on *Exrs.* 1168. *Stephens* v. *Van Buren* & al. exrs., 1 *Paige*, 479. *Toller* 483. 2 *Wms.* on *Exrs.* 1252, 3.

2. That there was gross misconduct and fraud in this case.

3. That it was *discretionary* in the court below, to determine, in view of the whole case, in what manner costs should be allowed ; and the decision cannot be revised in error. This would clearly be so *in equity. Bennet College* v. *Cary*, 3 *Bro. Ch. Ca.* 390. 1 *Ball & B.* 435. 2 *Wms.* on *Exrs.* 1253. It is, indeed, equally so, *in law.*

WAITE, J. By a statute, which existed, for a long period of time, in this state, the law formerly was, that upon the reversal of a judgment of an inferior court, by the superior court, no costs could be taxed for either party. See *Stat.* 260. ed. 1808. While that law remained in force, it was decided, by the superior court, that upon the reversal of a decree of a court of probate, no costs could be taxed, upon the ground that an appeal, in such case, was in the nature of a writ of error ; and it would be unreasonable that a party should pay costs, for the error of the judge. *Mary Sloan's* case, 1 *Root*, 151.

But the law, in relation to costs upon writs of error, has been subsequently changed, and a statute was passed, in the year 1830, providing that upon a writ of error, in any civil case, if the judgment of any court shall be reversed, it shall be the duty of the superior court to allow and tax the costs against the plaintiff in error, in the same manner as costs of the prevailing party, in any other case. *Stat.* 94.

Since the enactment of the latter statute, it has been considered competent for the superior court, in conformity with the principles recognized in the case cited, to allow costs

*Fairfield,* June, 1849.

Smith *v.* Scofield.

upon appeals from probate, in the same manner as upon writs of error. It was therefore clearly within the power of the superior court, upon the reversal of the decree of the court of probate, to render judgment for costs in favour of the appellant.

But it is insisted, that, if the court below possessed this power, it erred, in rendering judgment, that the costs should be paid out of the private property of the administrator, and not out of the estate of the deceased. Such, undoubtedly, would have been the correct course, had the erroneous decree of the court of probate been made, without any fault on the part of the administrator; and had his conduct, in relation to the appeal, been nothing more than his duty as administrator required.

But it is found, by the superior court, that the decree was made in consequence of his rendering to the court of probate a false account, charging as uncollectable, a bond, which he knew to be collectable, and a debt, retained by the debtor, by way of set-off, when he knew no such right of set-off existed. Manifestly, then, it was proper to charge him with the costs, arising upon the appeal, if it were competent for the court to do so, in any case. No reason can exist, why expenses incurred by reason of the misconduct and fraud of the administrator, should be borne by the creditors of the estate.

In the case already cited, where it was holden, that ordinarily costs would not be allowed upon the reversal of a decree of a court of probate, it was said, by the court, that when it appears, that the mistake is caused by the fraud or negligence of the adverse party, it would be reasonable to allow costs. *Mary Sloan's* case, *ubi supra.* And it would seem, upon principle, to make no difference, whether the adverse party, in such case, were an administrator, or any other claimant of the estate.

That a judgment, even in a court of law, may be rendered against a personal representative, for the payment of costs out of his own estate, is unquestionable. Such is the practice in this and other states, where he brings an action at law, and fails to recover. *Clark's* exrs. v. *Higgins,* 2 *Root* 398. *Hardy* v. *Call,* 16 *Mass. R.* 530.

And in *Massachusetts,* where they have a statute, by which

an executor or administrator, dissatisfied with the allowance of a claim by the commissioners, may give notice thereof, and have the claim struck out of the commissioners' report, unless the creditor shall commence and prosecute his claim at common law, it has been holden, that the creditor, upon recovering judgment, is entitled to an execution against the personal representatives, *de bonis propriis*. *Burns* v. *Fay*, admr., 14 *Pick*. 12. *Pierce* v. *Saxton*, admr., *Id*. 274.

In all such cases, however, it is competent for the court of probate, in the exercise of a sound discretion, to allow or charge the costs paid in the administration account, unless the representative conducted improperly, in instituting the suit, in the one case, or in objecting to the creditor's claim, in the other. 14 *Pick*. 274.

And this practice prevails, to a certain extent, even in *England*. Thus, if the executor, in an action of *assumpsit* against him, as such, plead *non-assumpsit*, thereby compelling the plaintiff to incur the expenses of a trial ; the plaintiff, if he obtain a verdict, is entitled to judgment, in the first instance, *de bonis testatoris*, and if there are not assets, then as to the costs, *de bonis propriis* of the executor. *Marshall* v. *Wilder*, 9 *B. & Cress*. 655. (17 *E. C. L.* 467.) And in the latter case, *Bayley*, J., said, that if the executor plead a plea, false to his own knowledge, he is liable, not only to pay the costs, but the damages also, *de bonis propriis*.

Perhaps the rule which prevails in a court of chancery, is the most equitable, as applied to the case under consideration. There, as a general rule, wherever a trustee or personal representative, by reason of misconduct or a violation of duty, is the immediate cause of the institution of a suit, upon the charge being established against him, he must pay the costs occasioned by his own improper conduct. 3 *Daniel's Chan. Prac*. 1559. Thus, if an executor deny assets, and the contrary be proved against him, he will be liable to costs. So, if his answer be falsified, by proof ; and it appears, that he acted from fraudulent motives, he will be made to pay the costs. 3 *Dan. Ch. Pr*. 1562.

It is further said, that judgment should have been rendered for costs generally ; and the question whether they should be paid by the administrator, from his own estate, or from that of the deceased person, left for the determination of the

*Fairfield,*
*June, 1849.*

Smith
*v.*
Scofield.

court of probate. But it was the duty of the superior court to settle the principles which should govern the court of probate, in the final settlement of the account; and we know of no reason why they might not as well determine the matter of costs, as any other claim made in the case. The whole subject was fully before the court; and it was competent and proper to dispose of the question, as in their judgment, justice required.

We are, therefore, entirely satisfied, that the superior court possessed power to render the judgment which was rendered, in this case; and that the power was properly exercised.

In this opinion the other Judges concurred.

Judgment affirmed.