THE INHABITANTS OF THE COUNTY OF WALDO *versus* JOEL MOORE *&* als.

A written petition to the County Commissioners for the establishment of a county road, gives them jurisdiction in the ulterior proceedings which may be had under such petition.

When the county has incurred expense by the proceedings upon such a petition, the prayer of which is denied, the county is entitled to an adjudication by the County Commissioners, that the same be repaid by the petitioners.

In order to the maintenance of a suit by the county upon such an adjudication, the record ought to show *to whom and by whom*, it was adjudged by the commissioners that the amount recovered should be paid.

In a suit by the county upon such an adjudication, if the record do not show to whom the money was to be paid, or if the declaration do not specially set forth the facts upon which they claim to have been entitled to it, the suit cannot be sustained.

Although exceptions from the District Court may have been sustained, yet if it appear, that there are no facts in the case to be settled by a jury, such final judgment may be entered by this Court as the principles of law require.

On Exceptions from the District Court, Rice, J.

Debt. The plaintiffs allege that by the consideration of the County Commissioners, they recovered judgment against the defendants for the sum of $25,08, cost, as by the record thereof appears. The defendants plead " *nul tiel record.*"

The plaintiffs introduced the records of the County Commissioners, by which it appears, that in the matter of Joel Moore and others, petitioners for a county road in Prospect and Belfast, the Commissioners adjudged, " Prayer of petitioners denied, as per report on file," and ordered that the costs arising from the petition and the proceedings thereon, taxed at $25,08, be paid by the petitioners forthwith.

The Judge ruled, that the record was sufficient, until set aside on *certiorari*, to prove the issue for the plaintiffs. To that ruling the defendants excepted.

*Williamson,* for the defendants.

No power is given by the statute to maintain an action in the name of the *county.* If any process would lie, it should be in the name of the *Treasurer*, as the money is to be paid into the County Treasury. Revised Statutes, chap. 99, sect. 12.

The county is not a party within the meaning of the statute. Rev. Stat. chap. 25, sect. 7 and 39.

But the parties thus entitled to *debt*, are individuals claiming damages of counties, towns, or individuals by locating roads or ways.

The record is defective and insufficient to support the action. It should show preliminary proceedings, as by Rev. Stat. chap. 25, sect. 2, p. 193.

It must show that defendants were petitioners. The record does not even name the defendants. Nor does it show to whom the costs should have been paid, or who is to recover them.

Costs can arise only between parties litigant. These peti-

tioners for the highway were not litigants.   They acted only for the public, as do petitioners to the Legislature for some public enactment.   No cost, *as cost,* can be adjudged against them.   The statute speaks nothing of *cost,* but only of expenses.   If the County Commissioners assumed to allow cost, they transcended their authority, and their judgment is but a nullity.

Further, the costs or expenses have never been taxed.

If a suit could be sustained for costs, it could be only after reasonable notice of the assessment.   Sect. 12; 8 Greenl. 207.

It may in reply be said that the judgment is valid, until reversed on *certiorari.*   But that position is wholly unsustainable.   *Chase* v. *Hathaway,* 14 Mass. 222; *Hall* v. *Williams,* 6 Pick. 232.

The County Commissioners' Court is created by statute, and is of limited jurisdiction; its powers being subject to a literal construction.

Hence if County Commissioners exceed their authority in assessing a tax, their proceedings are merely void.   *Philbrick* v. *Kennebec,* 7 Maine, 196.

So if a Judge of Probate, in matter within his jurisdiction, omit to order notice, proceedings are void.   *Smith* v. *Rice,* 11 Mass. 507.

See opinion of JACKSON, J., in same case, p. 513, 514; *Chase* v. *Hathaway,* 14 Mass. 222; *Hall* v. *Williams,* 6 Pick. 232.

*Codman,* for the plaintiffs.

At the trial, only one point was raised.   Nothing but that is now open for discussion.   That was, whether the judgment of the County Commissioners was or was not valid, till set aside on *certiorari.*   That point has been fully decided.

The correctness or incorrectness of the judgment cannot be reached in this suit.   3 Fairf. 235; 15 Maine, 73; 22 Maine, 128.

SHEPLEY, C. J. — This is an action of debt containing a

declaration upon a judgment rendered by the County Commissioners of this county in favor of the plaintiffs and against the defendants, as by the record thereof appears.

The subject matter, upon which the order was made, appears to have been a petition of certain persons for a county road in Belfast and Prospect. This is sufficient to show, that the Commissioners had jurisdiction of it. The record states, that the prayer of the petitioners was denied. In such cases the Commissioners are authorized by statute chap. 99, sect. 12, to "order the petitioners to pay into the county treasury all expenses incurred by the county."

This language may be sufficient to show, that the county having incurred the expenses would be entitled to have a judgment rendered in its favor to recover them. That is not the question now presented. The question is, whether they have in fact obtained one and do now present a record of it in proof of that fact.

In the record presented the name of the plaintiffs is not found; nor is there any reference to any document on file, from which it can be ascertained, that they were a party to that judgment or order. There is no adjudication to whom payment should be made.

The form of a judgment is not usually material. One can take advantage of its informality only by writ of error. But it must exhibit a party, in whose favor as well as one against whom, it is rendered. When it does not, the clerk cannot by inspection determine, in whose favor the execution or other precept should issue. There will be a legal question remaining undecided, who is entitled to claim it; and it may be one of doubt and difficulty. The law does not submit the decision of it to the clerk or to any other ministerial or executive officer.

If the judgment be for debt, or damages, or costs, the party, to whom the money is due, must be designated in the execution, or the officer, to whom it is directed, will not be informed, to whom he is to make payment.

Although the plaintiffs might have been legally entitled to

have a judgment rendered in their favor, the record does not show, that they have obtained or become a party to such a judgment. It fails to do so ; and they therefore fail to establish the issue, which they have joined. If the order were in other respects sufficiently formal and regular it might be true also, that an action of debt might be maintained upon it by the plaintiffs by virtue of the statute chap. 99, sect. 21, with a special declaration setting forth the order of the Commissioners, and that the plaintiffs were by law entitled to the money ordered to be paid accompanied by other suitable averments. Such a declaration would present the question as yet undecided, whether the plaintiffs were by law entitled to the money. The present declaration presents that question as already decided by a competent tribunal.

In the case of *Hardy* v. *Call*, 16 Mass. 530, a judgment appeared to have been rendered against an administrator for costs " in his said capacity of administrator." A writ of *sci. fa.* recited a judgment " against the goods and estate of the intestate in the hands of Call." To this there was a plea of no such record, and joinder. The decision was, that the issue was not proved. It was also stated, that an action of debt might have been supported upon that judgment by a suitable declaration.

The exceptions are sustained.

The case being before this Court for decision and no question of fact being presented for decision by a jury, the decision of this Court is that a nonsuit be entered.