67  257
68  220

ROGER WELLES, TRUSTEE, *vs.* HENRY SCHROEDER.

First Judicial District, Hartford, January Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The determination as to what costs shall be taxed in favor of a garnishee who is cited in to disclose and found not indebted, is, in the absence of a controlling statute or rule of court, a matter of discretion, and not subject to review by this court on appeal.

[Argued January 8th—decided February 7th, 1896.]

ACTION upon the common counts to recover for goods sold and delivered, brought to the City Court of Hartford and tried to the court, *Stanton, Acting Judge;* facts found and judgment rendered for the plaintiff.

At the time of the service of the writ, Timothy E. Steele, Esq., of Hartford, was factorized and cited in to disclose. Upon the trial the plaintiff, before judgment, insisted upon a disclosure from the garnishee, whereupon a hearing upon disclosure was made by the court, who found that said gar-

nishee was not indebted to the defendant and did not have effects of the defendant in his hands at the time of service, and rendered judgment in favor of the garnishee to recover his costs, limited however to the fees of two witnesses. The garnishee claimed he was entitled to all costs usually allowed a prevailing party, and appealed from the judgment in this respect. In this court (Supreme Court of Errors) the appellee (plaintiff) filed a plea in abatement to which the appellant demurred. *Demurrer overruled ; plea in abatement sustained, and appeal dismissed.*

*Lewis Sperry* and *Timothy E. Steele,* for the appellant (garnishee).

*Roger Welles,* for the appellee (plaintiff).

HAMERSLEY, J. Section 1237 of the General Statutes enacts : " Where in any suit by foreign attachment, any garnishee, having been cited in to disclose . . . . shall appear, the court may examine him upon oath as to whether, at the time of the service of the foreign attachment, he had effects of the defendant in his hands, or was indebted to him, and may hear any other proper evidence respecting the same ; and if it appears that such garnishee had not effects of the defendant in his possession, or was not indebted to him, he shall recover judgment for his costs " ; and if the plaintiff " withdraws his suit, or fails to recover judgment against the defendant, such garnishee shall be entitled to judgment for his costs."

It has been uniformly held that the finding of the court upon a disclosure by the garnishee, authorized by that statute, is not a judgment; that the hearing does not amount to the trial of a cause ; and that the result is not binding either upon the plaintiff or the garnishee. " It is an informal proceeding, regulated by statute, which is merely preliminary to the bringing of a *scire facias,*" upon which alone the rights of the parties can be determined. *Bacon Academy* v. *De Wolf,* 26 Conn., 602 ; *Tweedy* v. *Nichols,* 27 id., 518, 519.

The appellant, "as garnishee" in an action tried by the City Court of the city of Hartford, has appealed to this court "from the judgment of said court in the matter of costs." The reasons of appeal assign as errors: first, the omission of the court, in taxing "his costs" for which it rendered judgment in favor of the garnishee, to include the fees allowed by § 3720 of the General Statutes to the prevailing party in any civil action, viz, $10 for all proceedings before trial, and $15 for the trial of an issue of law or fact; second, an erroneous ruling by the court upon the disclosure.

The plaintiff claims that such appeal is unauthorized by law, and has filed a plea in abatement on that ground; to which plea the appellant has demurred.

The appeal is void. So far as it rests upon a claim of error in the taxation of costs, the appeal is in the nature of a motion in error governed by the principles which controlled such motion prior to the consolidation, under one appeal, of the motion for a new trial and the motion in error; *White et al. v. Howd,* 66 Conn., 264; and by express terms of the statute, it only lies "when a final judgment is rendered or decree passed in any cause in which a party may be entitled to a writ of error." General Statutes, § 1129. A writ of error may lie where the record discloses that the costs included in the judgment were not taxed in accordance with the rule prescribed by law; but it does not lie where no rule of taxation is so prescribed.

In statutory proceedings as to which there is no provision of law or statute absolutely giving costs to the prevailing party, or as to which, if a judgment for costs is authorized, no specific costs are prescribed, and to which the statute regulating the costs taxable to a party who succeeds in a civil cause does not apply, the taxation of costs is a matter of discretion. *Smith* v. *Scofield,* 19 Conn., 534; *Canfield* v. *Bostwick,* 22 id., 270; *Dutton* v. *Tracy,* 4 id., 79, 95.

The disclosure by a garnishee prior to the issue of a *scire facias,* is a special statutory proceeding; and since it was first authorized, about 1821, down to 1876 no statute provided any rule for taxation of costs on such proceeding. The stat-

ute fixing the fees of the prevailing party in a civil action did not apply. The taxation of such costs was a matter of discretion, until the judges of the Supreme Court of Errors, in the exercise of their power to establish rules of practice, adopted a rule defining the costs to be taxed to a garnishee. This rule was binding on all courts subject to the rules of practice. In 1876 a statute was passed providing that a garnishee should " recover his costs as a party defendant," and so fixed the rule of taxation. Public Acts of 1876, p. 89. In 1882 this law was repealed. Public Acts of 1882, p. 198. In 1881 the law prescribing the fees of parties to civil actions was repealed, and the present law on that subject enacted. Public Acts of 1881, p. 53. By the Acts of 1876 and 1881, the rule of court regulating the taxation of a garnishee's costs was made inoperative. By the revision of the rules of practice made by the judges in 1889, the rule in reference to a garnishee's costs was rescinded, and no rule on the subject has since been made. So that since 1889 certainly, there has been no statute and no rule of court prescribing any rule of taxation in respect to this proceeding ; it follows that the taxation of the garnishee's costs is not reviewable on a writ of error. This question was settled in *Dutton* v. *Tracy, supra.* The statute had vested in a court held by two justices, jurisdiction over proceedings against forcible entry and detainer, and directed the court to tax costs for the prevailing party and issue execution therefor; but, as in the present case, there was no statute prescribing the costs taxable in such special proceeding. A judgment under this statute included costs claimed to be illegal. Upon a writ of error to the Superior Court and a reservation for the advice of this court, it was held that the taxation of costs was not reviewable, because " there having been no rule of taxation prescribed, it necessarily was matter of discretion."

The other reason of appeal assigned by the appellant, viz., error in a ruling of the court during the disclosure, needs no comment. Any appeal from the finding of the court on such informal proceeding, is unauthorized by law. *Robinson* v.

*Mason*, 27 Conn., 270; *Tweedy* v. *Nichols*, *supra*. Counsel for the appellant properly refrained from pressing this ground of appeal in argument.

The demurrer is overruled, the plea in abatement sustained, and the appeal dismissed.

In this opinion the other judges concurred.