HILLS, Clerk of District Court, v. VALENTINE.

(Circuit Court of Appeals, Ninth Circuit.   October 5, 1908.)

No. 1,545.

CLERKS OF COURT—ACTION AGAINST—MONEY RECEIVED IN OFFICIAL CAPACITY.
        An action will not lie against the clerk of a federal court in his official capacity to recover money received by him in such capacity and which passed into the registry of the court, since such money can only be paid out under authority of the government by its officers and agents in the manner prescribed by statute.
        [Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Clerks of Courts, § 117.]

In Error to the District Court of the United States for Division No. 1 of the District of Alaska.

J. A. Hellenthal, Shackleford & Lyons, and Lorenzo S. B. Sawyer, for plaintiff in error.

J. H. Cobb, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. · This was an action at law, brought by the defendant in error in the court below against the plaintiff in error, "as clerk of the United States District Court for Alaska, Division No. 1," to recover the sum of $500, with interest thereon from May

21, 1901; the complaint alleging the official character of the defendant, and as a cause of action that:

"On the 21st day of May, 1901, there was in the care and custody of the defendant, as such clerk, the sum of $1,099.70 belonging to the plaintiff, which money had been paid to defendant as such clerk in the case of E. R. Peoples, as Administrator of the Estate of E. G. De Norton, Plaintiff, v. Emery Valentine and J. G. Cosslett, Defendants, and which money plaintiff was then and there entitled to demand and receive of the defendant, and ever since has been, and now is, entitled to demand and receive the same."

The complaint further alleged that on May 21, 1901, the defendant appropriated and converted the sum of $500 of that money to his own use and benefit, and has ever since retained the same to his own use, and refuses to pay any part of it to the plaintiff, after demand made therefor. The complaint also contained the allegation:

"That, if the defendant ever executed a bond as such clerk, he failed and neglected to record the same in the clerk's office of this court, and there is no data in said office whereby this action can be brought upon the bond of the defendant as clerk, if any such bond was ever given."

The judgment entered in the case by the court below is:

"That the plaintiff, Emery Valentine, do have and recover of and from the defendant, W. J. Hills, as clerk of the District Court for Alaska, Division No. 1, the sum of six hundred and ninety-two and $66/100$ ($692.66) dollars, with interest thereon from the 15th day of March, 1906, at the rate of 8 per cent. per annum, and all costs and disbursements herein incurred, taxed at —————— dollars, for all of which let execution issue."

If the defendant had been in fact clerk of the court below at the time of the commencement of the action, the court would have had no jurisdiction of the suit; for money that passes into the registry of the court can be legally paid out only under the authority of the government by its officers and agents, in the manner prescribed by statute and the rules and regulations made in pursuance thereof. But the record in the case shows that the defendant was not clerk of the court at the time of the commencement of the action, and at no time since has been such clerk. The allegation of the complaint concerning his official capacity may therefore be treated as surplusage (Hardy v. Call, 16 Mass. 530), and the like official designation of the defendant may be stricken from the judgment.

As the record clearly shows that the defendant appropriated to his own use the money to which the plaintiff was entitled, the case is remanded to the court below, with instructions to strike from the judgment the erroneous official designation of the defendant, and, as so modified, it will stand affirmed.