### RAY v. FITCH.

Error doth not lie against a judgment granting a new trial.
Error doth not lie against an interlocutory judgment before final
    judgment is rendered.

ERROR complaining of the judgment of the County Court in granting a new trial upon the petition of said Fitch against Ray, in a certain cause; which after the new trial was granted, was appealed into the Superior Court and now depending and undetermined.

Errors assigned — 1st. That said County Court mistook the law in granting a new trial. 2d. That said Ray was not duly notified. To this writ of error, a demurrer was given.

By the COURT. The writ of error is insufficient.

The statute is — " That the Superior and County Courts, shall and may from time to time, as occasion shall require, and as shall by them be judged reasonable and proper; grant new trials of causes, that shall come before them, for mispleading, or discovery of new evidence, or for other reasonable cause appearing, according to the common and usual rules and methods in such cases." The power given to the courts by the statute, granting new trials, in the causes which come before them, for the reasons therein enumerated, is a discretionary power, and it has been determined, that a writ of error doth not lie against a judgment of a court, merely for granting a new trial. Kimball v. Cady, Kirby, 26. And a writ of error will not lie against any interlocutory judgment, before final judgment is given. See Carpenter v. Childs, determined at Windham, March Term, 1790.