## MARTIN L. HALL *vs.* PEOPLE'S MUTUAL FIRE INSURANCE COMPANY.

A policy of insurance upon a hotel, described in the application (which is expressly made a part of the policy and warranty on the part of the assured) as occupied as such by a tenant, and which is in fact leased and apparently used as a hotel at the time of obtaining the insurance, is not avoided by its being then used by the tenant, without the knowledge or consent of the assured, as a house of ill fame.

In an application, which was expressly made a part of the policy and warranty on the part of the assured, the applicant, in answer to a request to " state the relative situation as to other buildings," stated the distances, being respectively four and nineteen feet, of the two nearest buildings, and expressly agreed that the application was " a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant." *Held*, that the failure to state the direction of the two nearest buildings, or to disclose other buildings a few feet farther off, not known to the applicant, nor to his agent who made the application, did not avoid the policy.

The issuing of a policy upon an application, one interrogatory in which is unanswered, is a waiver of that defect.

A condition of insurance, to which a stock policy is made subject, that no suit shall be brought thereon unless in the county where the insurance company are established, is not binding on the assured.

ACTION OF CONTRACT by an inhabitant of this county against a mutual fire insurance company established at Worcester by *St.* 1847, *c.* 115, and authorized by *St.* 1850, *c.* 225, to " make insur-ance otherwise than on the mutual principle," upon a stock pol-'cy, dated November 24th 1852, whereby they insured the plaintiff

16*

for one year " two thousand dollars, to wit, $1,500 on his Exchange Hotel building, $500 on stable and shed adjoining, situated No. 248 Purchase Street in New Bedford, Mass." On the face of the policy were these provisions : " This insurance is predicated upon a survey filed in this office as No. 2298, which survey is made a part of this policy." " And it is moreover declared, that this policy is made and accepted in reference to the conditions hereunto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for." Among said conditions of insurance were the following :

" 1. Applications for insurance should be in writing, and specify the construction and materials of the building to be insured, or containing the property to be insured ; by whom occupied ; whether as a private dwelling, or how otherwise ; its situation with respect to contiguous buildings; and their construction and materials."

" 4. A false description by the assured, of a building insured, or of its contents, or, in a valued policy, an overvaluation, shall render absolutely void a policy issuing upon such description or valuation."

" 14. It is furthermore hereby expressly provided that no suit or action of any kind against said company, for the recovery of any claim upon, under or by virtue of this policy, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within the term of four months next after any loss or damage shall occur ; nor unless said court be held in the county of Worcester ; and in case any such suit or action shall be commenced against said company after the expiration of four months next after such loss or damage shall have occurred, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced."

" 18. When a policy is made and issued upon a survey and description of certain property, such survey and description shall be taken and deemed to be a part and portion of such policy and warranty on the part of the assured."

The "stock application and survey," filed in the defendants' office, numbered 2298, was for instrance "on the property specified, to wit, on Exchange Hotel building, $1,500; on stable and shed adjoining, $500;" and in it "the applicant makes the following statements, and gives the following answers to interrogatories here put relating to the risk. 1. State the character and kind of the property to be insured." *Answer.* "Hotel, as above." 2. "Where is it situated?" *Answer.* "No. 248 Purchase St., New Bedford, Mass." "4. For what purpose is the building occupied, and by whom?" *Answer.* "As a hotel, by Mr. Holmes." "5. State the relative situation as to other buildings." *Answer.* "Dwelling about four feet distant one side. About fifteen feet to small dwelling and storehouse." "7. Is the building to be insured exposed by any thing more hazardous than the risk herein described? If so, state what, if within eighty feet." This interrogatory, and several on other matters, were not answered. The only other provision material to this case was the following statement in the printed clause of the application, immediately preceding the plaintiff's signature: "And the said applicant hereby covenants and agrees with said company, that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant." The application was dated "Boston, November 18th 1852."

Trial at November term 1854 before *Thomas*, J., who made a report thereof, of which the application and policy were made parts, and the remainder of which was as follows:

"The execution of the policy was admitted, and there was no question made about the loss, or proof of the loss. The defence was misrepresentation as to the use to which the insured buildings were put; and also as to the relative position of the other buildings adjoining and in the neighborhood. The defendants also contended that the suit was wrongfully brought in the county of Suffolk, but by the terms of the policy should have been brought in the county of Worcester.

"By the original application and survey it appears that, at

the time of obtaining insurance, the plaintiff stated the house insured to be occupied by John Holmes as a hotel. The defendants contended that this was not true, but that it was kept as a house of ill fame; and they offered evidence tending to show that such was the fact. The defendants contended that, if this were so, the policy would be invalid, whether the plaintiff knew the fact that the house was so kept or not; that the declaration in the application was a part of the policy, and constituted a warranty that the house was kept as a hotel; that, by the fourth condition of the policy, a false description would render it void.

" It further appeared that the mercantile firm, of which the plaintiff had formerly been a member, received a bond for conveyance of the said insured estate, in payment of a debt; that said bond, in the division of the assets of said firm, had been set off to the plaintiff, and that, the terms of the bond having been complied with, said estate was conveyed to the plaintiff in 1851; that he had heretofore leased the same to two or three different persons; that in December 1851 he leased it to John Holmes, who occupied it till the destruction of the building by fire; that, prior to the insurance sought to be recovered, he had insured the same at two different times—once at the Tremont Insurance Company, and once at the Pacific Insurance Company—which latter policy was cancelled at the time the policy in suit was taken; that, at the time of said application, the plaintiff referred the agent of the insurance company to his partner, stating that said partner knew most about the estate; and that said partner thereupon made the answers contained in the application.

' The defendants also offered in evidence a plan of this and the neighboring estates, for the purpose of showing that the plaintiff did not fully and truly disclose all matters having a material bearing upon the risk; which plan is made a part of this report." [That plan shows a " hotel " on Purchase Street four feet from the principal building on one side; another building and storehouse on the same street, nineteen feet off, on the other side; and other buildings (not disclosed in the applica

tion) a few feet further from the buildings insured, but within eighty feet thereof.]

" The defendants further contended that the plaintiff must be presumed to know the situation and condition of his own property ; and that, if he made incorrect statements, or omitted to state facts material to the risk, it was fatal to the policy, even if the defendants did not prove that they were made or omitted intentionally

" It also appeared tnat interrogatory No. 7 was not answered at all ; and the defendants contended thac they had a right to regard no answer as a negative answer. But the court ruled that the defendants, having issued a policy upon the application as it is, without requiring an answer, waived it.

" The court instructed the jury, that if they found the house was occupied as a house of ill fame, and this fact was known to the plaintiff, or his agent who made the representation, the plaintiff could not recover; but that if the building was leased as a hotel, and apparently used as such, but was in fact used by the tenant as a house of ill fame, without knowledge or consent of the plaintiff, such use would not prevent a recovery ; that, in relation to the relative situation of the buildings, if the plaintiff or his agent knew of the facts, and omitted to state them in his application, the plaintiff could not recover ; that if the facts were not known to the plaintiff or his agent, such omission would not prevent a recovery. The jury found for the plaintiff."

*W. Brigham,* for the defendants. The application or survey, and the conditions of insurance, are expressly made a part of the policy and warranty on the part of the assured, and must be construed as such. 18th condition of insurance, *ante,* 186. Angell on Ins. § 148. 2 Duer on Ins. 681. 1 Arnould on Ins. 492. *Burritt* v. *Saratoga County Mutual Fire Ins. Co.* 5 Hill, 188. *Holmes* v. *Charlestown Mutual Fire Ins. Co.* 10 Met. 211. A warranty in a policy of insurance is a condition precedent, and must be complied with. Angell on Ins. §§ 141, 147. 1 Arnould on Ins. 584.

The false representation, as to the occupation of the buildings

insured, and the failure to disclose the situation of all adjacent buildings, though not fraudulent, avoided the policy. 1st and 4th conditions of insurance, *ante*, 186. *Carpenter* v. *American Ins. Co.* 1 Story R. 57. *Hazard* v. *New England Marine Ins. Co.* 1 Sumner, 218. *Burritt* v. *Saratoga County Mutual Fire Ins. Co.* 5 Hill, 188. *Fowler* v. *Ætna Fire Ins. Co.* 6 Cow. 673. *Jennings* v. *Chenango County Mutual Ins. Co.* 2 Denio, 75. *Farmers' Ins. & Loan Co.* v. *Snyder*, 16 Wend. 481. Angell on Ins. § 171. 1 Arnould on Ins. 499. The instruction of the judge, making the invalidity of the policy to depend on the fact whether these misrepresentations were intentional, or within the plaintiff's knowledge, was erroneous. 1 Arnould on Ins. 500–505, 515–517. 1 Phil. Ins. § 537. *Cornfoot* v. *Fowke*, 6 M. & W. 379.

The printed agreement that the plaintiff has made a full exposition, so far as he knows, does not apply to positive statements, but to matters not fully stated, or stated with qualifications ; and is not a part of the policy.

Upon the point, that the action should have been brought in the county of Worcester, the defendants relied on some of the same positions and authorities as the defendants in the case, previously argued, of *Amesbury* v. *Bowditch Mutual Fire Ins. Co., post,* 596.

*C. A. Welch,* for the plaintiff.

The opinion was delivered at March term 1857.

SHAW, C. J. Though the defendants bear the title of " Mutual Insurance Company," the present insurance made by them to the plaintiff was in the nature of a stock policy. The execution of the policy being admitted, the loss within the time, and the proof of loss, the defence relied on was that of misrepresentation as to the use to which the insured buildings were put, and the nature and position of other neighboring buildings. Also, that the action should have been brought in the county of Worcester, and could not be brought in this county.

The insurance is for $2,000 ; to wit, $1,500 on the plaintiff's hotel building, $500 on stable and shed adjoining, situated No. 248 Purchase Street in New Bedford, Mass. This corresponds to the description in the application. The defendants insisted

that this was not true, but that it was kept as a house of ill fame, and offered evidence tending to show that such was the fact. And they contended that, if this were so, the policy would be invalid, whether the plaintiff knew that the house was so kept or not; because, they insisted, the application was a part of the policy, and constituted a warranty that the house was kept as a hotel. The clause relied on is in the fourth condition of insurance, that a false description by the assured, of a building insured, shall render a policy absolutely void, issuing upon such description.

The evidence is not stated; but the court instructed the jury, that if they found the house was occupied as a house of ill fame, and that this fact was known to the plaintiff, or his agent who made the representation, the plaintiff could not recover; but that if the building was leased as a hotel, and apparently used as such, but was in fact used by the tenant as a house of ill fame without the knowledge or consent of the plaintiff, such use would not prevent a recovery.

This, it seems to us, was sufficiently favorable to the defendants. The inquiry, it must be considered, was as to the then description of the building, not what it was intended to be used for, nor whether it was let on a lease at will or for a term of years. It was truly described as a hotel, occupied by Mr. Holmes as a hotel, and certainly there was no suppression of a material fact, if not known to the assured, which could be deemed false. If it was a hotel, and used as a hotel at the time, there would be no false representation if it was used otherwise by the tenant, without the lessor's knowledge or consent.

We think the other part of the instruction correct, as to the proximity of other buildings. If the insurers desired more exact information, other questions should have been put accordingly.

The fact, that one question was unanswered, is immaterial; in fact, many questions were not answered. The company, by consenting to make the policy upon the application as it was, waived all claim to further answers.

On the other, and perhaps the principal point, on which the judgment in this case has been suspended, the question has been substantially decided in the case of *Nute* v. *Hamilton Ins. Co., ante,* 174. The court were of opinion that a stipulation in an original contract, that in case of breach the suit shall be brought in a particular county, or, in other words, that a suit shall not be brought in a county in which it is directed by law to be brought, is not a proper matter of contract. After a contract has been made and broken, the remedy is regulated by law, and of course must be governed by the law of the forum where the remedy is sought, and not by the law of the place where the contract is made. Even if such a stipulation is of any legal force, it is an executory contract only, and cannot be specifically carried into effect and enforced by the court having jurisdiction of the cause and the parties. It is a well settled maxim, that parties cannot, by their consent, give jurisdiction to courts, where the law has not given it; and it seems to follow from the same course of reasoning, that parties cannot take away jurisdiction, where the law has given it. The court are therefore of opinion that the stipulation in one of the conditions of this policy, that, in case of loss, no action shall be brought upon it except in the county of Worcester, is no legal bar to an action in this county, where by law the action might be brought if no such condition had been made.

*Judgment on the verdict for the plaintiff.*