602 NEW LONDON.

Bacon Academy *v.* DeWolf.

## TRUSTEES OF BACON ACADEMY *vs.* EDWARD DE WOLF.

A finding by the court, upon the disclosure of a garnishee on a process of foreign attachment, that the garnishee is not indebted to the defendant, is no bar to a suit of *scire facias*, founded on that process, against the garnishee as the debtor of the original defendant.

SCIRE FACIAS against the defendant as the debtor and factor of Henry C. Rogers. The defendant pleaded in bar, that upon the original factorizing process, in the suit against Rogers, he had been cited to appear before the court to which the writ was returnable to disclose on oath, whether at the time of the service of the process he had in his hands the goods or effects of Rogers or was indebted to him,—that he appeared, and at the request of the plaintiffs was examined on oath before the court with regard to the matter,—that on such examination the court found that, at the time of such service, he had not in his hands or possession the goods or effects of Rogers and was not indebted to him,—that thereupon it was considered and adjudged by the court that he should recover of the plaintiffs his costs—and that the judgment so rendered had never been reversed, annulled, or vacated. To this plea the plaintiffs demurred, and the question of its sufficiency was reserved for the advice of this court.

*Wait* and *Crocker*, in support of the demurrer.

1. It is a well settled principle of the common law, that a plaintiff shall not, a second time, compel a defendant to contest with him what a competent court has once decided.

2. The process of foreign attachment, being given and regulated wholly by statute, the defendant's entire common law rights remain to him in their full force, unless expressly taken away or modified by the provisions of the statute. 1 Sw. Dig., 584. Statute of Foreign Attachment, Rev. Stat., tit. 1, § 229, et seq.

3. But the statute does not in terms, nor by fair implication, give a plaintiff a right to a *scire facias* against the gar-

nishee, where the question of his indebtedness has been tried on the original process, and he has been adjudged not to be indebted. It gives the right, in express terms, to the garnishee to make defence again on the *scire facias,* if the finding is against him, and it is a fair inference that no such right was intended to be given to the plaintiff, as it would naturally have been expressed in connection with this provision.

4. It would be unreasonable to give the plaintiff such a right, since the trial upon the original process may be as full and thorough as it can be on the scire facias, and the plaintiff is left at full liberty to elect which mode of trial he will adopt.

5. The defendant, by appearing in court on the citation of the plaintiff, became in all respects a party to that process, and a party in court, and all the ordinary incidents of a judgment between parties attached to the judgment rendered between the parties in that case. Drake on Attach., § 678.

6. To allow the plaintiff on the scire facias to prove that the defendant was indebted, would be to allow him to contradict directly the judgment of the court on the same precise question and between the same parties. This the law will never allow. 1 Greenl. Ev., § 522, and note to sec. 531. 1 Sw. Dig., 752. *Davidson* v. *Murphy,* 13 Conn., 217.

7. A proceeding by foreign attachment is in the nature of a proceeding *in rem,* and in such cases a finding once made by a competent tribunal is always conclusive as to the thing or property in dispute. 1 Greenl. Ev., § 542 et seq. *McBride* v. *Protection Ins. Co.,* 22 Conn., 248.

*E. Perkins* and *Wattles,* contra.

1. The finding of the court on the original process that the defendant was not indebted, was not a judgment in any sense of the word. The only judgment that the court can render in favor of the garnishee is one for costs. It is very questionable whether the finding of the court is properly any part of the record. It is something entirely collateral to the suit, and the judgment against the defendant in the suit is in no manner affected by it. It is a mere preliminary investiga-

tion for the convenience of the parties, with reference to the *scire facias* afterwards to be brought.

2. A judgment is never an estoppel upon either party unless it be upon both parties. 1 Greenl. Ev., § 524. If the finding of the court had been against the garnishee, it would not have been conclusive upon him. Statute of Foreign Attachment, sec., 238. *Wadsworth* v. *Marsh*, 9 Conn., 481. *Wetter* v. *Latham*, 12 id., 393. And as he would not be bound by a finding against him, the plaintiff ought not to be bound by one in his favor.

3. That the finding on the disclosure of the garnishee is not final, is manifest from the consideration that the plaintiff is entitled to a trial by jury upon the question whether the garnishee is indebted or not, and this he can have only on the *scire facias.* It is not enough to say that he has waived this right by electing to take the disclosure, as he has a right to both, the statute which gives him the right to the disclosure imposing no such condition upon the privilege.

4. That the hearing on the disclosure is not to be regarded as an ordinary trial, and the finding as attended with the incidents of an ordinary judgment, is manifest from the further considerations, that the garnishee, although cited in, has an entire option whether to come in and disclose or not,— that if he does not come in when cited, a finding can not be made against him as on an ordinary default,—and that if he fails to appear the plaintiff can not even go on and prove the indebtedness. It all depends on his disclosure; making the transaction a mere taking of the disclosure, rather than a legal investigation of a question of fact. And it does not vary the case, that other evidence is, under our practice, received upon the enquiry.

5. Whatever might have been a proper construction of the statute when first enacted, it has for a long course of years received a practical construction, which sustains our view of the case, and which the court will regard as too well established to be changed.

HINMAN, J. This is a *scire facias* against the defendant

Bacon Academy *v.* DeWolf.

as garnishee, and as he was summoned to disclose, and did appear and disclose, in the suit against the original debtor, and was found by the court not indebted to him, and that he had not his goods, &c., in his hands, he now pleads this finding as a bar to any further proceedings against him. On demurrer to this plea the question is, whether the statute (Rev. Stat., tit. 1, sec. 238,) makes such a finding conclusive against the plaintiff in the original suit, and bars him from any further examination of the question on a *scire facias*. We think it has not the effect of a conclusive judgment, in respect to any thing but the costs recoverable upon that preliminary examination. It is agreed that if the finding had been the other way, the statute in express terms makes it only *prima facie* evidence of the facts found; and a *scire facias* is provided for, to enable the plaintiff to get at the property attached by the process, and thus found to be in the hands of the garnishee. Now, the injustice of making the result of a preliminary examination binding upon one party and not binding upon the other is so apparent, and so different from what we should expect to find in a public statute, that we should look for plain and unequivocal language to express the meaning, before we should believe that such was the intention of the legislature. We think, therefore, that such an intention ought not to be inferred from the provision which authorizes a judgment for the costs of the garnishee, in case the finding is in his favor. Whether there shall be any investigation before the *scire facias* is brought, is left entirely at the option of the parties. The plaintiff is under no obligation to summon in the garnishee in the original action. He may merely give him notice that he makes a claim against him as garnishee, by leaving a copy with him, without any citation to appear and disclose. And the garnishee when cited to appear may refuse to do so, and it only affects his right to costs on the final judgment on the *scire facias*. It is true that this circumstance may not be of a very conclusive character. Still, we think, if the legislature had intended to make the result of the investigation binding upon either of the parties, they would not only have made it binding upon

both of them, but would also have given the citation to appear and disclose the same effect that is given to the citation contained in the *scire facias*, and would have visited the default to appear with the same results. But this statute has received a practical construction by the profession and by the courts, which we should not attempt to change even if we doubted as to its correctness. It has always been treated as providing for a preliminary investigation, the result of which, while it is not binding upon either of them, is still of great value in providing for them a convenient mode, by which in most cases they are enabled to discover the extent of their legal rights, and thus to save them from the expense of further litigation. But in cases where the parties have not been satisfied with the result, the constant practice has been to retry the question of the indebtedness of the garnishee, or the fact as to his having the debtor's property in his hands, on the *scire facias*, and we believe this is the first instance in which it has been attempted to set up the preliminary finding as a bar to the *scire facias*. This therefore is a case where we are asked to change the practical construction of one of our most familiar statutes, which we think we can hardly be expected to do on any course of theoretical reasoning, or even on the decisions of other states, should they be found not to harmonize with our practice. We advise the superior court to render judgment for the plaintiffs, on the ground of the insufficiency of the plea.

In this opinion the other judges concurred.

*Plea insufficient.*