ABIJAH E. TWEEDY AND OTHERS *vs.* FREDERICK NICHOLS AND GARNISHEE.

The finding of the court as to the indebtedness of a garnishee, on his disclosure on the original process, not being of final character, a motion for a new trial, on the ground of error in the rulings of the judge on the hearing, will not be entertained.

THE opinion of the court in this case will be sufficiently understood without a statement of the facts. The plaintiffs moved for a new trial.

*White*, in support of the motion.

*Averill* and *Brewster*, contra.

Hinman, J.　This is a motion for a new trial of a hearing before the superior court, on the disclosure of a party summoned in on the original process as a garnishee of the defendant; and, as it is well settled that neither a writ of error nor a motion for a new trial will lie from an interlocutory judgment, we think the motion can not be entertained. The authorities on this subject are all one way.　It is sufficient to refer to *Ray* v. *Fitch*, 1 Root, 290, *Samuel* v. *Judin*, 6 East., 333, and *Magill* v. *Lyman*, 6 Conn., 59.　We believe also that it has been often so ruled in our own superior court, without any attempt being made to carry the point up for revision.　If then the finding on the garnishee's disclosure is not a final judgment, it is clear that it can not be reviewed on a motion of this sort.　But the hearing of a garnishee's disclosure can hardly be said to amount to the trial of a cause.　It is final in respect to nothing except the costs of the garnishee, in case there is no finding against him.　It is an informal proceeding, regulated by statute, which is merely preliminary to the bringing of a *scire facias*, upon which alone the garnishee can be compelled to pay the debt which he may owe to the defendant, or to deliver up such property as he may have in his hands and as may be liable to be levied upon to satisfy the plaintiff's judgment in the original action.　When the *scire facias* is brought the garnishee may again disclose on oath, and the parties may introduce any proper evidence touching the issue, whatever may have been the result of the hearing on his first disclosure.　Indeed, the finding on the first disclosure is only made *prima facie* evidence on the final trial, which seems to preclude the idea of the finding upon it amounting to a final judgment.　It was in consequence of the unimportant character of this proceeding, that, on the finding of facts on such a hearing before the superior court, and a reservation of the question as to the proper finding to be made by that court

for the advice of the Supreme Court of Errors, in a late case in Middlesex county,*·this court refused to entertain the case, and it was dismissed without a hearing.

For these reasons we are of opinion that the case should be stricken from the docket of this court.

In this opinion the other judges concurred, except Park, J., who having tried the case in the superior court, did not sit.

Case stricken from the docket.

* *Robinson* v. *Mason, ante* p. 270.