CHARLES E. CROUSE AND ANOTHER *vs.* THE PHŒNIX INSURANCE COMPANY.

Hartford Dist., March T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A fire insurance company of this state had, in the state of New York, under the requirement of its laws as a prerequisite to its doing business there, an agent on whom process, sufficient for a general judgment, could be served, and property subject to levy. A resident of that state, having a claim on the company for a loss upon a policy insuring property there, assigned it, with his other property, to a trustee for his creditors, the assignment being valid in that state. Certain creditors residing in that state brought suit against him in this state and garnisheed the insurance company. Pending that suit the trustee brought

suit for the loss against the company in the courts of New York and obtained a judgment, which the company paid. The creditors afterwards got judgment against the debtor here and brought *scire facias* against the company. Held in the latter suit—

1. That the insurance company, by its compliance with the laws of New York as to keeping an agent and property there, had so far acquired a legal location there that the debt had its *situs* there and passed by an assignment legal there, and, as an asset in the hands of the trustee, was under the exclusive control of the courts of that state.

2. That the plaintiffs, being residents of the state of New York, could not, by bringing the controversy into this state, acquire any rights in it which they would not have had in their own state.

[Argued March 8th—decided April 23d, 1888.]

SCIRE FACIAS upon a process of foreign attachment; brought to the Court of Common Pleas of the county of Hartford, and tried to the court before *Calhoun, J.* Facts found and judgment rendered for the plaintiffs and appeal by the defendants. The case is fully stated in the opinion.

*F. Chamberlin* and *H. R. Mills*, for the appellants.

1. The situs of the debt was in the state of New York. *Atwood* v. *Protection Ins. Co.*, 14 Conn., 555, 562; *Vanbuskirk* v. *Hartford Fire Ins. Co.*, id., 582, 592; *Clark* v. *Conn. Peat Co.*, 35 id., 303, 307; *Guillander* v. *Howell*, 35 N. York, 661; *Osgood* v. *Maguire*, 61 id., 524; *N. Eng. Mut. Life Ins. Co.* v. *Woodworth*, 111 U. S. R., 138, 144.

2. The assignment was a valid transfer in New York at common law, and was in violation of no statute of that state. New York Acts of 1877, ch. 476, and Acts of 1878, ch. 318; *Matter of Lewis*, 81 N. York, 424.

3. The plaintiffs, when they brought their suit in this state, had knowledge of the assignment, and so do not stand as *bonâ fide* creditors. *Bishop* v. *Holcomb*, 10 Conn., 444; *Vanbuskirk* v. *Hartford Fire Ins. Co.*, 14 id., 140.

4. The plaintiffs being citizens of New York have no rights here which they would not have in the courts of their own state. *Vanbuskirk* v. *Hartford Fire Ins. Co.*, 14 Conn., 582, 587, 591; *Whipple* v. *Thayer*, 16 Pick., 25; *Daniels* v. *Willard*, id., 38; *Burlock* v. *Taylor*, id., 335; *Bagly* v.

*Atlantic, Miss. & Ohio R. R. Co.*, 86 Penn. St., 291 ; *Halsted* v. *Straus*, 32 Fed. Rep., 279 ; *Moore* v. *Bonnell*, 31 N. Jer. Law., 90.

*G. G. Sill*, for the appellees.

1. An assignment, made in another state, and valid under the laws of that state, will not be sustained in our own courts if it would have been void under our laws. *Zipcey* v. *Thompson*, 1 Gray, 248 ; *Boyd* v. *Rockport Steam Cotton Mills*, 7 id., 406 ; 3 Am. & Eng. Encyclopedia of Law, 616, and notes. Such an assignment can have no extra-territorial effect. Wharton Confl. of Laws, § 390. If sustained, then these creditors are set aside for other preferred creditors no better entitled to payment, and who get it under a law which our policy condemns. Comity must yield in such a case. *Hervey* v. *R. Isl. Locomotive Works*, 93 U. S. R., 664, 671.

2. The situs of the debt is in this state. It is payable by the insurance company at its office here. The corporation was created and is located here. Personal property always has a situs for the purposes of attachment. And the property of a debtor always has a situs at his domicil for the purpose of administration. Wharton's Confl. of Laws, § 359 *et seq.;* Story Confl. of Laws, § 383, note *a; Osgood* v. *Maguire*, 61 N. York, 529; *Hervey* v. *R. Isl. Locomotive Works*, 93 U. S. R., 664 ; *Wyman* v. *Halstead*, 109 id., 654; *Slocum* v. *Sanford*, 2 Conn., 533 ; *Ward's Appeal from Probate*, 52 id., 565.

4. The suit in this state was a good defense against that in New York. It was brought before that suit and the later suit could not take away any rights acquired by the prior attachment. Drake on Attachments, §§ 616–622; *Wallace* v. *McConnell*, 13 Pet., 136, 151 ; *Embree* v. *Hanna*, 5 Johns., 101 ; *Whipple* v. *Robbins*, 97 Mass., 107 ; *American Bank* v. *Rollins*, 99 id., 313 ; *Connor* v. *Hanover Ins. Co.*, 28 Fed. Rep., 549.

PARDEE, J. The defendant is a corporation chartered by

the legislature of this state and has its legal location here. In 1885 it issued a policy of insurance against loss by fire in favor of one George M. Hutchinson, a resident in the state of New York, upon property there.

In January, 1886, a portion of it was destroyed by fire. The defendant had previously, in compliance with a statutory requirement by that state, appointed the superintendent of the insurance department therein its attorney there, with such power as that a suit instituted against it there, by service upon its attorney, would support a general judgment, binding upon it and any property belonging to it, in any jurisdiction, as fully as if such suit had been instituted in a court in this state upon service of process upon it here. It had in 1884, and continuously thereafter to the present moment has had, in that state property more than sufficient to pay the loss under the policy, exposed to the levy of an execution.

The plaintiffs, who reside in the state of New York, became judgment creditors of Hutchinson in March, 1886. On May 1st, 1886, Hutchinson made an assignment of his property to E. A. Rowland, in trust for the payment of certain of his creditors in full, and of others in part, in equal proportions. This assignment is valid by the law of that state. Hutchinson delivered to the assignee this policy of insurance as an asset. On May 15th, 1886, the plaintiffs, as judgment creditors of Hutchinson, with knowledge of the assignment, instituted a suit against him in this state and factorized the defendant as being indebted to him for the loss under the policy and as having in its hands money belonging to him.

On August 30th, 1886, the trustee instituted a suit against the defendant in the Supreme Court in Oneida County in the state of New York, for the recovery of the loss under the policy. The defendant in that court, by way of answer, pleaded the facts of the previous institution of the suit against it by the present plaintiffs in the state of Connecticut, and the sequestration of the same money there to their use as creditors of Hutchinson, and asked the court to stay

proceedings until the final determination of the suit in Connecticut. But the court denied the motion, and judgment was there rendered against it on January 17th, 1887, which it then and there paid in full.

In November, 1887, the plaintiffs recovered a judgment against Hutchinson in the court in this state, and thereupon have brought this *scire facias* for the purpose of compelling the defendant to pay to them the amount of the loss under the policy, because of their process of sequestration in May, 1886.

Upon the trial the defendant claimed—

1. That on May 15th, 1886, by virtue of said assignment, the rights of Hutchinson against the Phœnix Insurance Company under the policy had become vested in the assignee.

2. That the situs of the debt due from the insurance company under the policy was in the state of New York, the domicil of the creditor ; and the transfer by the assignment, valid by the laws of that state, was valid in Connecticut.

3. That the plaintiffs and Hutchinson being all residents of the state of New York where the assignment was made, the plaintiffs having full knowledge thereof could not by coming into this state avoid the title of the assignee acquired by a transfer valid by the laws of their own domicil.

4. That on May 15th, 1886, when the garnishment process was served upon the insurance company, it was not indebted to Hutchinson.

But the court overruled these claims and rendered judgment for the plaintiffs. The defendant appeals, assigning the following reasons :

1. That the court erred in overruling the claim of the defendant that on May 15th, 1886, by virtue of the assignment, the rights of Hutchinson against the insurance company under the policy of insurance had become vested in the assignee.

2. That the court erred in overruling the claim of the defendant that the situs of the debt due from the insurance company under the policy was in the state of New York,

the domicile of the creditor, and that the transfer by the assignment, valid by the laws of that state, was valid in Connecticut.

3. That the court erred in overruling the claim of the defendant, that, the plaintiffs and Hutchinson being all residents of the state of New York where the assignment was made, the plaintiffs having full knowledge thereof could not by coming into this state avoid the title of the assignee acquired by a transfer valid by the laws of their own domicile.

4. That the court erred in overruling the claim of the defendant that on May 15th, 1886, when the garnishment process was served upon the insurance company, it was not indebted to Hutchinson.

For the purposes of the question before us it may be said, as a matter of law, of a corporation such as is the defendant, that, in addition to its corporate home in the state of its creation, it has a legal location, place of business and corporate home, in any jurisdiction in which it has property exposed to the levy of an execution sufficient to satisfy any judgment which may be rendered against it, and in which, either by force of statutory law there binding upon it, or by its own act and agreement, or by the combined force of both, it so far becomes in the person of its agent, duly authorized for that purpose, a resident therein, as that a general personal judgment can be obtained which will be binding upon it and on any property which it may have in any jurisdiction, as completely as if it had been sued and personally served with process in the state in which it was created and has its principal legal location and place of business.

The legislature of the state of New York, as a prerequisite to permission to the defendant to take a premium from any resident of that state for insurance upon property therein against loss by fire, required it to so far become, in the person of its agent duly authorized for that purpose and residing in that state, a resident there, as that service of process made returnable to a court therein could there be so made upon it as to support a general personal judgment, binding

in any jurisdiction; also to have therein at all times exposed to the levy of an execution sufficient property to satisfy any judgment which might there be rendered.

The defendant complied with both requirements; appointed and empowered the agent, and continuously thereafter held the required amount of property there exposed to an execution. The legal result of this combination of requirement and submission is, that on the day of the execution of the policy the defendant had, and from thence hitherto has continued to have, a legal location in the state of New York, by the act of its legislature, for the purpose of determining, in the event of a contest between its own citizens, which of them is entitled to receive the amount payable under one of its policies, and of enforcing payment from its property therein. Hutchinson, the other party to the contract, is also a resident there; the property insured was there; the loss occurred there.

The situs of the debt under the policy is as if both parties to it were natural persons resident in that state, and had entered into a contract expressly providing for execution there. The defendant, having borne the burden of obedience to the law of New York, is entitled as against citizens of that state to all resulting advantages. One of them is, that having paid a debt once upon compulsion of the court in New York having jurisdiction, it shall be protected from a duplicate payment to citizens of that state, whom the assignee there represented, and for whom the court there spoke in rendering judgment. Therefore at the time of the assignment the claim under the policy was an asset of the estate of the assignor, and was fully and exclusively under the control of the courts in the state of New York.

The assignment was in accordance with the law of that state; the plaintiffs were resident there, parties to those laws and owing obedience to them, and are conclusively bound thereby. It is not for them to come into this jurisdiction and complain of the operation of the law of their own state upon a contract which, together with all parties to it, and themselves as well, was subject to that law. It is not for them to say here what they would not be allowed to say in

their own jurisdiction, in the jurisdiction comprehending all parties and the property and the contract, namely, that the law of New York is offensive to them because it permits preferences in assignments. They knew the law when they gave credit to their debtor ; they voluntarily assumed the risk ; calculated the danger in fixing the terms of the transaction ; and are not now to be heard to complain of it. It is true, the law of New York differs from our own. But the difference does not directly concern the interests of our citizens. It is not in such a degree offensive to our moral sense as to compel us to disregard it, to the direct injury of a resident here.

This is a contest between the plaintiffs and other residents in the state of New York as to the ownership of a fund in the keeping of the defendant, a stakeholder, which, together with the fund, is subject to the jurisdiction of the courts there. It is certain that if the plaintiffs had submitted themselves to a judgment by the courts there, it would have been against them. They have transferred the controversy to this jurisdiction, within which the defendant has residence also, and estate, as speculators upon the possibility of obtaining the judgment here upon comity, which would be denied them there upon law. Practically, they have there had all rights and opportunities which are embraced in the expression " a day in court; " they have no legal need of a second day here.

In *Upton* v. *Hubbard*, 28 Conn., 274, and in *Paine* v. *Lester*, 44 id., 196, access to the debtor was possible only through the door of a court in this jurisdiction. Therefore it was opened to the foreign creditor who first knocked, as it would have been to the most diligent resident. The debtor was a mere stakeholder; he was in no peril of double payment; it mattered not to him as to whom he paid once. There was opportunity, and reason as well, for comity. In the case at bar there is neither.

There is error in the judgment complained of, and it is reversed.

In this opinion the other judges concurred.