## PARKER, PEEBLES AND KNOX *vs.* ANTOINE EL SAIEH ET AL.

First Judicial District, Hartford, March Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Under §§5917, 5918 and 5919 of the General Statutes, a garnishee may be excused from appearance in court by disclosing to the officer serving the process the fact and amount of his indebtedness or, if a corporation or a nonresident of the town in which the court is held, by filing an affidavit of nonindebtedness; otherwise, under §5920, the court may cite him to appear and, after hearing his disclosure and any other proper evidence, may ascertain the amount of the debt, if any; but this determination is not conclusive upon the plaintiff or the garnishee and in a subsequent action of *scire facias* furnishes only prima facie evidence of the facts so found.

The plaintiff brought an action in this State against a resident of Haiti, basing jurisdiction on the garnishment of a debt alleged to be due from a local fire insurance company to the principal defendant. In the course of the proceeding the garnishee filed a so-called "disclosure" and "additional disclosure" in which it set forth its claims with respect to the origin of the debt and its satisfaction under a clause of the policy giving to the insurer the option of replacing the lost property in kind. *Held* that these "disclosures" were in no sense pleadings; that they established no facts; and that none of their allegations could be considered in passing upon the plaintiff's demurrer to the principal defendant's plea to the jurisdiction.

The process of foreign attachment is confined to debts that are due and contemplates an uninterrupted possession by the garnishee of the *res* from the time of its attachment to the demand on execution.

Garnishment of a debt due a nonresident defendant is in the nature of a proceeding *in rem* and the court acts by virtue of its power to compel the garnishee to appropriate the debt to the payment of the execution.

A debt is "due" within the meaning of that term as used in §5915 of the General Statutes relating to foreign attachments when it is "owed," even though it is not yet "payable."

A debt is due from a fire insurance company to its assured upon the occurrence of a loss by fire and is immediately subject to foreign attachment by a creditor of the assured, although the conditions

precedent to payment under the policy have not yet been fulfilled. Whether or not the nature of the company's obligation would be affected by a provision in the policy giving it the option of discharging its liability by replacement of the property rather than by payment of money, *quœre*.

The essential requirements of jurisdiction, when obtained by process of foreign attachment, are, first, the *situs* of the debt which, for such purposes, is generally regarded as being at the domicil of the debtor and, second, such judicial control of the debt or property attached that it can be appropriated by legal process to the satisfaction of the plaintiff's judgment.

It is a well-established principle, based upon considerations of public policy, that parties cannot by consent confer jurisdiction upon courts where the law has not given it or take it away where the law has given it.

The insurance policy in the present case provided that all questions arising thereunder should be submitted to specified courts in the Republic of Haiti. *Held* that this provision was illegal and unenforceable, especially in so far as it might affect the right of the insured to bring an action against the insurer in this State for a recovery under the policy.

After the trial court had sustained the plaintiff's demurrer to the plea to the jurisdiction, the defendant made no offer to plead further facts but merely moved for judgment on the basis of the so-called "disclosures" filed by the garnishee, whereupon the trial court overruled the motion and granted the plaintiff a judgment by default. *Held* that the defendant was not thereby deprived of due process of law or of any right to try the issues of fact raised by his plea since, even by answering upon the merits, he would not have waived the question of jurisdiction and since, moreover, all issues relating to the existence and amount of the debt including, necessarily, the validity of the judgment based upon it, could be fully and conclusively litigated in a subsequent action of *scire facias*.

Argued March 7th—decided May 4th, 1928.

ACTION to recover the value of goods sold and delivered to the defendant, in which the National Fire Insurance Company was cited by process of foreign attachment, and J. C. Clermont filed a special appearance as the defendant's assignee in bankruptcy under the law of the Republic of Haiti, brought to the Superior Court in Hartford County, where the plaintiff's demurrer to the assignee's plea to the jurisdiction

was sustained and its motions to strike out the plea to the jurisdiction and to expunge certain paragraphs of the disclosure by the garnishee were denied (*Marvin, J.*) an additional disclosure by the garnishee was filed, the assignee's motion for judgment for want of jurisdiction was denied and the plaintiff's motion for judgment by default was granted and judgment rendered (*Jennings, J.*) in its favor for $8,325, from which the assignee in bankruptcy appealed. *No error.*

The plaintiff, a New York corporation, commenced this action to recover for goods sold and delivered, against the defendant, a resident of the Republic of Haiti, by writ and complaint returnable to the Superior Court in Hartford County, which directed service of garnishee process upon the National Fire Insurance Company, a Connecticut corporation located and having a principal place of business in Hartford. Service was so made on March 11th, 1926, and the officer's return states that the garnishee disclosed that it was indebted to the defendant "in the sum of $ ." On the same date notice of the institution and pendency of the action was ordered to be given to the defendant, by registered mail, which order was complied with. On June 16th, 1926, an order of continuance for three months was granted, and on January 21st, 1927, a further order of continuance for one month. By the latter order also, which recites, "it appearing . . . that said defendant has been adjudicated a bankrupt under the laws of Haiti in December, 1926, and that one J. C. Clermont . . . is the agent of said bankruptcy,"—service upon Clermont, as well as the defendant, was ordered, and was made in Haiti. On March 10th, 1927, attorneys for Clermont, as assignee in bankruptcy, entered a special appearance "solely to plead to the jurisdiction" and on the same

day filed such a plea. On May 16th, 1927, the plaintiff filed a motion to strike out the plea to the jurisdiction, also a demurrer thereto. On the same date the National Fire Insurance Company, garnishee, filed a voluminous document entitled "disclosure by garnishee" setting forth *inter alia* that the defendant, El Saieh, held an insurance policy issued by the garnishee, a copy of which policy was annexed; that on November 2d, 1925, the insured property was damaged by fire to the amount of $18,745.72; that the garnishee had not yet exercised an option, contained in the policy, to reinstate or replace destroyed or damaged property, instead of paying the amount of the loss or damage; and that the garnishee desired to submit all questions arising under the policy to "the Judges and Courts of Port au Prince, Haiti," in accordance with an agreement contained in the contract. The "disclosure" also stated that other actions against El Saieh, in which the garnishee had been served with process of foreign attachment, were pending in Haiti and in Hartford County.

Subsequently, the plaintiff moved to strike out this "disclosure," also to expunge certain paragraphs thereof. These motions and plaintiff's motion to strike out Clermont's plea to the jurisdiction were denied by the court, *Marvin J.,* September 9th, 1927, but the demurrer to the plea to the jurisdiction was sustained. October 11th, 1927, plaintiff filed a motion for judgment by default for failure to plead further. November 4th, 1927, the garnishee filed an "additional disclosure" stating that it had exercised its option to reinstate or replace the destroyed or damaged property, that such reinstatement or replacement had been completed in Haiti, and that "the garnishee is not now liable to anyone" under its policy. On the same day the defendant moved for judgment in his favor on the

ground that, because of the reinstatement or replacement set forth in the "additional disclosure," "no *res* now exists in this State upon which jurisdiction could now rest." This motion was, on that date, denied by the court, *Jennings, J.,* and the plaintiff's motion for judgment for default was granted, and judgment entered accordingly.

*Charles Welles Gross* and *Wallace W. Brown,* for the appellant (defendant J. C. Clermont, assignee in bankruptcy).

*John L. Collins,* for the appellee (plaintiff).

*John H. Buck,* for the appellee (The National Fire Insurance Company, garnishee).

HINMAN, J. The scope of the inquiry required by defendant's assignments of error depends to a considerable extent upon the status of and the effect properly to be accorded to the "disclosure" filed by the garnishee. The trial court in denying the plaintiff's motions to strike it out and to expunge ruled that while it "is not to be considered, for the present at least, a pleading, and its allegations have not been admitted" (by the demurrer to the plea to the jurisdiction), it "performs a certain office, and may be of service to the court," and "is not out of place in the file." It is apparent from the record, however, that before the trial court resort was attempted to some of the allegations thereof, particularly the terms of the insurance policy which was made part of it, in aider of the facts set forth in the plea to the jurisdiction, and many of the propositions advanced on appeal are dependent for support, wholly or in part, upon the existence of facts which appear or are suggested only in the so-called disclosure and additional disclosure.

It is important, therefore, at the outset, to determine whether the contents of these papers are so available.

Section 5917 of the General Statutes provides that the officer serving process of foreign attachment under §§5915 and 5916 "shall, at the time of service, make inquiry [of the garnishee] as to the amount then owed by such garnishee to the defendant in said action; and if said garnishee shall thereupon disclose . . . whether anything is then owed to said defendant, and if so how much, said officer shall then and there indorse such disclosure on said process as a part of his return thereon." It is further provided that such a disclosure shall excuse the garnishee from appearing and the court "may without further proof find the fact to be as shown by such disclosure." It appears by the officer's return in the present case that the National Fire Insurance Company, garnishee, was so inquired of and disclosed that it was indebted to the defendant, but not "how much."

Under §5918 a corporation made a garnishee but not indebted to the defendant "when the complaint was served upon it" need not appear before the court to disclose, if the affidavit of its treasurer or paymaster stating such fact is filed on the return day. Also, under §5919, a garnishee cited in to disclose before a court held in a town other than that in which he resides, and not indebted to the defendant, may obviate the necessity of appearing by filing, on the return day of the writ, his affidavit stating such fact. Unless appearance by the garnishee is excused by reason of disclosure to the officer, or by filing of affidavit, as above stated, the procedure is provided for by §5920, as follows:

"The court may examine upon oath any garnishee cited in to disclose as to whether, at the time of the service of the foreign attachment, he had effects of

the defendant in his hands, or was indebted to him, and may hear any other proper evidence respecting the same; and if it appear that such garnishee had no effects of the defendant in his possession, or was not indebted to him, he shall recover judgment for his costs; but if it appear that such garnishee had in his possession effects of the defendant, or was indebted to him, the court shall ascertain the amount, and the same shall, if the plaintiff recovers judgment and brings a *scire facias* against the garnishee, be *prima facie* evidence of the facts so found; but the defendant shall then have a right again to disclose on oath, and the parties may introduce any other proper testimony regarding such facts. If the plaintiff in such action by foreign attachment withdraws his suit, or fails to recover judgment against the defendant, such garnishee shall be entitled to judgment for his costs."

"It has been uniformly held that the finding of the court upon a disclosure by the garnishee, authorized by that statute, is not a judgment; that the hearing does not amount to the trial of a cause; and that the result is not binding either upon the plaintiff or the garnishee. 'It is an informal proceeding, regulated by statute, which is merely preliminary to the bringing of a *scire facias*,' upon which alone the rights of the parties can be determined." *Welles* v. *Schroeder,* 67 Conn. 257, 258, 34 Atl. 1051; citing *Bacon Academy* v. *DeWolf,* 26 Conn. 602; *Tweedy* v. *Nichols,* 27 Conn. 518. "When . . . *scire facias* is brought the garnishee may again disclose on oath, and the parties may introduce any proper evidence touching the issue, whatever may have been the result of the hearing on his first disclosure. Indeed, the finding on the first disclosure is only made *prima facie* evidence on the final trial." *Tweedy* v. *Nichols, supra,* p. 519; *Robinson* v. *Mason,* 27 Conn. 270.

As is stated in *Bacon Academy* v. *DeWolf, supra,*
p. 606, the statute "has always been treated as pro-
viding for a preliminary investigation, the result of
which, while . . . not binding upon either of them"
(the attaching plaintiff and the garnishee), is "a con-
venient mode, by which in most cases they are enabled
to discover the extent of their legal rights, and thus
. . . save them from the expense of further litigation.
But in cases where the parties' have not been satisfied
with the result, the constant practice has been to retry
the question of the indebtedness of the garnishee . . .
on the *scire facias.*" And when there are other
claimants for the debt or effects taken by foreign
attachment, protection is afforded the garnishee, by
§5973 of the General Statutes, "allowing him, upon a
writ of *scire facias* brought against him after judgment
in the principal case, to notify any claimants of the
fund attached that such *scire facias* is pending, and to
appear, if they see cause, and defend against it."
*Coit* v. *Sistare,* 85 Conn. 573, 575, 84 Atl. 119.

Since even a disclosure upon citation and under oath
before the court is of such inconclusive effect, and only
as between the parties directly concerned, viz., the
plaintiff and the garnishee, what is to be said of the
"disclosure" filed in this case? It is not the affidavit
provided for by §5918, or a disclosure upon examina-
tion under oath, under §5920, or any other form of
disclosure contemplated by our statutory procedure,
either expressly or by practical construction. The
most that can fairly be claimed for it is as an informal
statement which might be a convenience in connection
with an inquiry under §5920, if such were undertaken.
This is the only purpose it could properly serve, the
only service it could be to the trial court, the only
excuse for its presence in the file. It is not, in any
sense, a pleading, establishes no facts, and, in any

event, none of its allegations are available in aid of pleadings of the principal defendant, since the issues raised on disclosure proceedings are, essentially, between the plaintiff and the garnishee. We conclude, therefore, that the sufficiency of the plea to the jurisdiction must be tested by the facts alleged therein, unsupplemented by statements contained in the "disclosures."

The operative facts so alleged are that the defendant, El Saieh, is a citizen and resident of Petit-Goave, Haiti. He held an insurance policy of the National Fire Insurance Company, of Hartford, insuring him against damage by fire to certain property of his located in a warehouse at Petit-Goave, which policy was issued at Haiti by the insurance company, and under which a loss has occurred. One of the conditions of the policy is: "The contracting parties agree, irrespective of residence, to submit all questions arising from this contract to the Judges and Courts of Port au Prince, Haiti." The claim of the plaintiff in this case was for goods sold and delivered by it to El Saieh in Haiti.

It is further alleged that "the defendant has no property in the State of Connecticut," but this must be construed in connection with the prior allegations showing a claim by defendant against the insurance company for loss under the policy, and so as referring to property other than the obligation of the garnishee to him under its policy, or as a mere conclusion that such claim and obligation is not property of the defendant.

The first assignment of error relates to the sustaining of the demurrer to this plea. The principal issue is that raised by the fifth ground of demurrer, which is, in substance, that it appears from the facts alleged that the insurance company was indebted to El Saieh,

at the time a copy of the plaintiff's writ and complaint was served upon it, and that such indebtedness constitutes property of the defendant within this State. The appellant contends, first, that the admission, by the demurrer, of the statement that the defendant has no property in the State is decisive adversely to the existence of such a *res* as is necessary to give our courts jurisdiction over a nonresident defendant. The construction and effect which we have already given to that allegation disposes of this contention.

The garnishment, under §5915 of the General Statutes, of a debt due to a nonresident is, unless he appears in the action, in the nature of a proceeding *in rem.* The court acts by virtue of its jurisdiction over the garnishee and its power to compel him to satisfy the execution to the extent of his indebtedness. *Coyne* v. *Plume,* 90 Conn. 293, 298, 97 Atl. 337; *Veeder Mfg. Co.* v. *Marshall-Sanders Co.,* 79 Conn. 15, 17, 63 Atl. 641. "Our statute, as interpreted by our decisions, limits the process of foreign attachment to debts due, and contemplates an uninterrupted possession by the garnishee of the *res* from the attachment to the demand on execution." *Coyne* v. *Plume, supra,* p. 298. Do the facts alleged in the plea to the jurisdiction disclose such a debt? The recent case of *Finch* v. *Great American Ins. Co.,* 101 Conn. 332, 125 Atl. 628, and the cases therein cited dictate an affirmative answer to this question. "Our own liberal policy with regard to the use of attachments has naturally led this court to construe the word 'due,' in our foreign attachment statute, in the sense of 'owing,' rather than in the more restricted sense of 'payable.'" (P. 335) The rule is firmly established that, for purposes of foreign attachment, a debt is "due" when it is owed, though not yet payable because not yet liquidated in amount. (P. 337 and cases cited). "A policy of fire insurance is an

agreement to indemnify the insured against loss by fire to the property insured. Before any loss, and while the policy remains in force, the liability of the underwriter is contingent. When, as here, the policy is in force at the time of a loss by fire, which is covered by the policy, the contingent liability of the underwriter is thereby converted into a present contract obligation to pay whatever sum, not exceeding the amount of the policy, will in fact indemnify the insured, payment being necessarily deferred until the amount of the loss is ascertained." "The obligation to pay such a loss dates from the loss, and not from the subsequent liquidation which determines the amount payable." (P. 337). See also *Knox* v. *Protection Ins. Co.*, 9 Conn. 430.

Indeed, we do not understand the appellant to dispute that such is the general principle; he seeks to avoid the effect of it on the ground that, under the particular policy here involved, the insurer may, at its option, reinstate or replace the property damaged or destroyed, instead of discharging its liability by a money payment. Since, as we have ruled, this policy is not, on this record, available to the defendant in aid of its plea to the jurisdiction, we are not now called upon to determine what effect, if any, such an option in a policy would have upon the nature of the obligation created by loss of property insured under such a policy. We hold, therefore, that the obligation disclosed by the facts alleged in the plea to the jurisdiction is a "debt" within our foreign attachment statutes.

The appellant claims, further, that if this obligation be held to be a debt, its *situs* is not in Connecticut. The general rule in this State is, confessedly, that for the purposes of garnishment indebtedness is regarded as having a *situs* at the domicil of the debtor. *Veeder*

*Mfg. Co.* v. *Marshall-Sanders Co.,* 79 Conn. 15, 17, 63 Atl. 641; *Paine* v. *Lester,* 44 Conn. 196; *Egbert* v. *Baker,* 58 Conn. 319, 323, 20 Atl. 466. The corporate location of the garnishee, a Connecticut corporation, is, of course, in this State. It might have, in addition, another corporate home in some other jurisdiction "in which it has property exposed to the levy of an executon sufficient to satisfy any judgment which may be rendered against it, and in which . . . it so far becomes in the person of its agent, duly authorized for that purpose, a resident therein, as that a general personal judgment can be obtained which will be binding upon it and any property which it may have in any jurisdiction, as completely as if it had been sued and personally served with process in the State in which it was created and has its principal legal location and place of business." *Crouse* v. *Phœnix Ins. Co.,* 56 Conn. 176, 181, 14 Atl. 82. However, the policy provision quoted in the plea to the jurisdiction falls far short of so establishing the conditions above stated as to give the present garnishee such an additional legal location in Haiti as the defendant in the *Crouse* case was found to have had in New York.

Also, in order to give jurisdiction, the court must acquire such control of the debt or property attached that it can be appropriated by legal process, if the plaintiff proves his case and obtains judgment. *Coyne* v. *Plume, supra,* p. 297; *Williams Co.* v. *Mairs,* 72 Conn. 430, 434, 44 Atl. 729. But in the present case there is no such deficiency in service of process as in the latter case, nor such lack of control over the *res* as developed in the former. Upon this record, the requirements of *situs* and control are adequately met. *Lancashire Ins. Co.* v. *Corbetts,* 165 Ill. 592, 46 N.E. 631; *Harris* v. *Balk,* 198 U. S. 215, 25 Sup.Ct. 625; *In re Berthoud,* 231 Fed. 529; *Wiener* v. *American Ins.*

*Co.*, 224 Pa. St. 292, 73 Atl. 443, 23 L.R.A. (N.S.) 593; note to *Bingenheimer Mercantile Co.* v. *Weber*, 27 A.L.R. 1396 (49 N.D. 312, 191 N.W. 620).

Several of the grounds of demurrer pertain to the validity and effect of the quoted provision of the policy, by which the contracting parties—El Saieh and the insurer—agree to submit all questions arising from the contract to specified Haitian tribunals. Of these grounds, that principally argued before us and which we regard as decisive is that this condition is illegal and against public policy, is therefore invalid, and will not be recognized in Connecticut. While no occasion for a decision of this specific point appears to have arisen in this State, the current of authority elsewhere leaves no question as to the conclusion which must be reached. The authorities are exhaustively reviewed in *Nashua River Paper Co.* v. *Hammermill Paper Co.*, 223 Mass. 8, 111 N.E. 678. "It is a well-settled maxim, that parties cannot, by their consent, give jurisdiction to courts, where the law has not given it; and it seems to follow from the same course of reasoning, that parties cannot take away jurisdiction, where the law has given it." Shaw, C. J., in *Hall* v. *People's Mutual Fire Ins. Co.*, 72 Mass. (6 Gray) 185, 192. In *Nute* v. *Hamilton Mutual Ins. Co.*, 72 Mass. (6 Gray) 174, a stipulation in the insurance contract that any action thereon should be brought in a specified county was held not to be binding, upon the general principle that it was not within the province of the parties to enter into an agreement concerning the recovery for a breach of contract, which is created and regulated by law. While, in that case, considerations of public policy were not given decisive weight, they were significantly adverted to. "Such contracts might be induced by considerations tending to bring the administration of justice into disrepute; such as the greater

or less intelligence and impartiality of judges, the greater or less integrity and capacities of juries, the influence, more or less . . . of the parties." (P. 184). That case, with two exceptions readily distinguishable on the facts, has been followed consistently in Massachusetts, and the current of authority in the courts of other States and in the Federal courts is substantially unbroken in support of the principle therein laid down.

In *Home Ins. Co.* v. *Morse,* 87 U. S. (20 Wall.) 445, it was held that a party cannot bind himself in advance, by agreement, to forfeit his rights to remove suits from State to Federal courts, and the principle there involved has been followed in numerous decisions of Federal courts. "Any stipulation between contracting parties distinguishing between the different courts of the country" (and, it follows, between the courts of different countries) "is contrary to public policy, and should not be enforced." *Mutual Reserve Fund Life Asso.* v. *Cleveland Woolen Mills,* 27 C.C.A. 212, 214. See cases cited in *Nashua River Paper Co.* v. *Hammermill Paper Co., supra,* pp. 15, 16. As the last named case states, page 16, "attempts to place limitations by contract of the parties upon the powers of courts as to actions growing out of the particular contract, or to oust appropriate courts of their jurisdiction, have been regarded with disfavor and commonly have been held invalid." The recent case (1925) of *Sliosberg* v. *New York Life Ins. Co.,* 211 N.Y.Supp. 270, was an action brought by a non-resident alien against a domestic insurance company, in which the jurisdiction of the New York courts was challenged because of a clause in the policies providing that "any claims or suits that may arise on the present insurance are acknowledged by both parties as being subject to the jurisdiction of the St. Petersburg courts only." It was held that the clause did not justify a declination

of jurisdiction, but, at most, enabled the court, in its discretion, to exercise or decline to exercise jurisdiction, and the motion to dismiss was denied. It was held, also, that "even if plaintiff were required to bring suit in Russia, he could not be compelled to resort to the Russian assets for satisfaction of his judgment."

The instant case seems to afford no reason for departing from the established principle, and we hold the clause in question to be invalid and unenforceable, especially in so far as it would affect the right of the plaintiff to bring action against the insurer, in this State, for a recovery under the policy.

This conclusion renders unnecessary a determination of the other grounds of demurrer, including that as to whether, as the present plaintiff also contends, the clause in question is to be construed as relating only to the interpretation of the policy contract and not as extending to or affecting the right of the insured to bring action in Connecticut to recover an ascertained loss accruing under the contract.

The plaintiff in proceedings in foreign attachment in a foreign State is able to attach the debt due from the garnishee to its creditor, because he is really, in such proceedings, a representative of the creditor of the garnishee, and therefore, if the creditor himself had the right to commence suit to recover the debt in the foreign State, his representative has the same right, as representing him, and may garnishee or attach the debt, provided the law of the State where the attachment was sued out, permits it. *Harris* v. *Balk, supra,* p. 226.

Claim is made under the second and third reasons of appeal, also, that the court rendered judgment without the existence of a *res* upon which jurisdiction of the defendant could be predicated, but, as we have

already indicated, the record affords abundant support for the finding, which the judgment implies, of a *res*, within its control, sufficient to confer jurisdiction.

Error is also assigned that the court "refused to try the question of fact raised by the plea to the jurisdiction, viz., whether or not a *res* did exist in Connecticut upon which jurisdiction could be predicated," and that such refusal was a denial of due process of law in violation of the Fourteenth Amendment. Since the facts alleged by the plea to the jurisdiction, though admitted for the purposes of the demurrer, were found insufficient as a matter of law, no occasion arose for a joinder of issues and further trial thereon. The memorandum of decision on the demurrer intimated wherein the facts alleged in the plea were deficient in negativing the existence, here, of a garnishable debt, yet the appellant-defendant made no effort to plead additional facts by way of an amended or second plea to the jurisdiction. It is fair to assume, also, that the trial court, upon his request, would have cited in the garnishee for examination under §§5916 and 5920 of the General Statutes. He chose, instead, to rely upon a motion for judgment based upon the garnishee's attempted "additional disclosure," the nugatory status of which had been indicated by the court's ruling as to the original "disclosure." This motion being denied, he refrained from pleading further and suffered judgment by default, although he might have answered over without waiving his right to contest the jurisdiction further. *Receivers Middlesex Banking Co.* v. *Realty Investment Co.*, 104 Conn. 206, 213, 132 Atl. 390. We perceive, herein, no deprivation of due process or of any right to be heard to which defendant was fairly entitled.

Moreover, opportunity to litigate and settle all further issues which might have been raised upon a

proper pleading of facts presenting them remains open upon *scire facias,*—which is not only the proper, but, as we have already indicated, the only final and conclusive proceeding for ascertainment of the existence of a debt and its amount. Upon *scire facias* the conflicting interests of other claimants to the fund, including the defendant's assignee in bankruptcy, may also be adjudicated, and the garnishee protected from any unlawful exposure to double liability. Also, if, upon *scire facias,* it should develop that, at the time when the original process was served, there was not such a debt as to confer jurisdiction, the resulting invalidity of the judgment could then be taken advantage of. General Statutes, §5973; *Hawthorne Sash & Door Co.* v. *New London,* 99 Conn. 672, 122 Atl. 658; *Crouse* v. *Phœnix Ins. Co., supra,* p. 182; *Harris* v. *Balk,* 198 U.S. 215, 25 Sup.Ct. 625; *Lancashire Ins. Co.* v. *Corbetts,* 165 Ill. 592, 46 N.E. 631; *Bayer* v. *Lovelace,* 204 Mass. 327, 330, 90 N.E. 538.

In view of the conclusions reached upon the defendant's appeal, there is no occasion to pass upon the plaintiff's exceptions to the trial court's denial of the motions to strike out the plea to the jurisdiction, and to strike out and expunge the "disclosure."

There is no error.

In this opinion the other judges concurred.